# CASES DETERMINED

AT THE

## *January Term, 1878.*

HEPLER VS. THE STATE.

JUSTICES' COURTS: CRIMINAL ACTION: JURISDICTION. *Record must show cause determined within one day after return of warrant, or continuance for cause.*

1. A conviction of crime, in justice's court, must appear on its face to be within the justice's jurisdiction.
2. Under sec. 5, ch. 121, R. S., as amended by ch. 35 of 1868, a J. P., on return to him of a criminal warrant, with the accused, must hear, try and determine the cause *within one day*, unless it be continued for cause; and if more than one day intervene between the return and the judgment, the conviction must show the continuance for cause — perhaps the cause itself.
3. Where the justice's docket shows an interval exceeding one day between the return and the judgment, without showing any continuance, it shows a loss of jurisdiction, notwithstanding a further statement therein that the judgment was rendered "immediately."

ERROR to the Circuit Court for *Columbia* County.

This was a prosecution for selling intoxicating liquors without license. On defendant's affidavit of the prejudice of the justice before whom the action was commenced, it was sent for trial to one Stanley, another justice, who found the defendant guilty and rendered judgment against him. The cause was then appealed to the circuit court, where defendant was found guilty, and judgment rendered against him; to reverse which he sued out his writ of error.

The return of justice Stanley to the circuit court states that the papers in the action were received by him March 16, 1877. It then states the proceedings at the trial, without showing any continuance, and adds: "Having heard the allegations and proofs, the court finds the defendant guilty of the offense charged in the complaint. Whereupon I immediately (on the 19th day of March, 1877) rendered judgment against the defendant," etc.

*T. L. Kennan*, for the plaintiff in error, cited sec. 1, ch. 35, Laws of 1868; and he contended that it must appear from the face of the proceedings that the justice acted within the scope of his jurisdiction, or the judgment is void; citing Freeman on Judgments, §§ 517, 527, and numerous adjudged cases.

*The Attorney General*, for the state.

RYAN, C. J. It has been too long and too well established for discussion, that the justice's conviction must appear on its face to be within his jurisdiction.

Sec. 5, ch. 121, R. S., amended by ch. 35 of 1868, requires that the justice, on the return of the warrant with the accused, shall proceed to hear, try and determine the case, within one day, unless continued for cause. This provision must receive a reasonable construction. It cannot be construed to impose impossibilities upon the justice; or to require him to dispose, within one day, of a case necessarily occupying more than one day in hearing. The necessary length of a case would be cause for its continuance from day to day. Other causes might warrant a longer continuance. But the statute does require the justice to hear, try and determine the case of a prisoner brought before him within the day, unless it be continued for cause. The justice's jurisdiction can survive the day by continuance only. If more than one day intervene between the return and the judgment, the conviction must show the continuance for cause; perhaps the cause itself.

The justice's docket here shows an interval of some three

days between the return and the judgment, and does not show any continuance. This is fatal. The jurisdiction of the justice to convict appears on the face of the proceeding to have been lost before the conviction.

The justice, indeed, undertakes to connect the day of his judgment with the day of the return by stating that he rendered judgment *immediately*. This will not do. It rather repels than imports a continuance. It is but the justice's application to the case of a very elastic word (*Richardson v. End*, *ante*, p. 316); and can be held to signify no more than that the justice did, in what he considered a reasonable time, that which the statute requires him to do on the day of the return.

*By the Court.*—The judgment of the court below is reversed, and the defendant discharged.