HARRINGTON vs. THE STATE.

*June 2 — June 23, 1880.*

CRIMINAL LAW AND PRACTICE: JUSTICES' COURTS.  *Cause of adjournment must appear from record.*

Where the record of a conviction in justice's court on a criminal complaint shows that the trial was adjourned to a future day, and fails to show that such adjournment was for cause, this is fatal to the jurisdiction of the justice, and of the circuit court on appeal. *Hepler v. The State,* 43 Wis., 479.

Harrington vs. The State.

ERROR to the Circuit Court for *Walworth* County.

The plaintiff in error was arrested and brought before a police justice by virtue of a warrant issued on a complaint charging him with a misdemeanor. He refused to plead, and the justice entered for him a plea of not guilty. The case was then adjourned to a future day, on motion of the district attorney. The justice failed to enter in his docket the place to which it was adjourned, and the record does not show that the adjournment was for cause. The accused was held to bail for his appearance on the day to which the case was continued. He appeared on that day, and objected to further proceedings being taken in the case. The objection was disregarded, and he was tried, convicted, and adjudged to pay a fine and costs. He thereupon appealed to the circuit court, and moved that court to dismiss the proceedings upon the ground (among others) that the justice lost jurisdiction of the case by adjourning it without entering the place to which it was adjourned, or that it was adjourned for cause. The court denied the motion, and he was again tried, convicted, and adjudged to pay a fine and costs.

The cause was submitted for the plaintiff in error on the brief of *R. R. & S. W. Menzie.*

*The Attorney General,* for the state.

LYON, J. Passing all other objections made to the validity of the judgment, there is one which is fatal. The trial was adjourned by the justice on motion of the district attorney, and the record of conviction does not show that such adjournment was for cause, much less the cause itself. The case is, in principle, precisely like that of *Hepler v. The State,* 43 Wis., 479, and is ruled by it. The justice lost jurisdiction of the case by the irregular and unauthorized adjournment, and the appeal conferred no jurisdiction upon the circuit court to try and punish the accused.

*By the Court.*— The judgment of the circuit court is reversed, and the plaintiff in error discharged.