Witt vs. Henze.

---

## WITT vs. HENZE.

*September 6 — September 25, 1883.*

CERTIORARI TO J. P.    *(1) Return must be duly certified.    (2) Strict rule as to proof of unauthorized adjournment.    (3) Form of writ.*

1. In reviewing on *certiorari* the proceedings and judgment of a justice, the circuit court can ascertain what his docket contains only by having before it a regularly certified copy thereof.
2. The rule which makes the judgment of a justice void if he fails to enter in his docket the place to which an adjournment was had being technical, the party relying upon such error must be held to strict rules in making it manifest.
3. A writ of *certiorari* which contains enough to apprise the justice that he is required to return the record in the cause will be held sufficient although it contains no express mandate to that effect.

APPEAL from the Circuit Court for *Sheboygan* County. The plaintiff brought this action against the defendant before a justice of the peace, and recovered judgment. The defendant thereupon sued out a writ of *certiorari* from the

circuit court to obtain a review by that court of the proceedings and judgment. The ground for a reversal of the judgment set forth in the petition or affidavit for the writ is that there was an adjournment of the cause and the justice failed to state in his docket the place to which it was adjourned. The justice made return to the writ, which, in the first instance, was merely a general statement of the proceedings had before him, unaccompanied by a copy of his docket entries. In this return the justice states that the cause was adjourned by consent to a certain time, but he does not state whether it was or was not adjourned to a certain place. A few days later another paper was filed in the circuit court, entitled in the action, to which the following certificate is appended: "I hereby certify that the above is a true transcript, as appears from my docket and all the papers in the case returned to the clerk of the circuit court of Sheboygan county, Wisconsin." This paper is in the form of docket entries, one of which is the following: "Defendant, for his answer to the complaint of plaintiff, denies each and every allegation therein contained, and by consent of both parties the above-entitled suit is adjourned to November 10, 1881, at 10 o'clock in the forenoon." The circuit court considered the paper as a part of the record, and reversed the judgment of the justice. The plaintiff appeals from the judgment of reversal.

*M. C. Mead*, for the appellant, argued, *inter alia*, that a common law writ of *certiorari* should recite the proceedings complained of, and command the officer to whom it is directed to certify and return the record of such proceedings. 2 Burr. Pr., 195; Tidd's Pr., 403; 5 Wait's Pr., 471. Only the *record* of the inferior tribunal will be inquired into. *Martin v. Beckwith*, 4 Wis., 219; *Frederick v. Clark*, 5 id., 191; *Taylor v. Wilkinson*, 22 id., 40; *Baizer v. Lasch*, 28 id., 268; *Cassidy v. Millerick*, 52 id., 379, and cases there cited. When the writ is directed to a justice of the peace, the cir-

·cuit court can review only those jurisdictional questions which are presented by the *docket entries* and the pleadings in the cause. *Callon v. Sternberg*, 38 Wis., 539; *Baizer v. Lasch*, *Cassidy v. Millerick*, *supra*. The docket entries can .be proved only by the docket itself or by such a certified copy thereof as the statute makes evidence. Secs. 4140, 4143, 4149, R. S.; 1 Greenl. on Ev., sec. 513.

For the respondent there was a brief by *M. D. L. Fuller*, with *A. G. Weissert* of counsel, and oral argument by *A. C. Fraser*.

Lyon, J. Under repeated decisions of this court, the failure of a justice of the peace to enter in his docket the *place*, as well as the time, to which a cause pending before him is adjourned, defeats his jurisdiction (unless the parties voluntarily appear in the action subsequently), and renders all subsequent proceedings therein void. *Brahmstead v. Ward*, 44 Wis., 591, and cases cited.

In reviewing, on *certiorari*, the proceedings and judgment of the justice, the circuit court can ascertain what the justice's docket contains only by having before it a regularly certified copy of such docket. In this case the record contains no such copy. The certificate of the justice is that the paper which the court manifestly accepted as a copy of the docket "is a true transcript of my docket and all the papers in the case." Whether the entry of the adjournment contained in such transcript was taken from his docket or from some other paper in the case does not appear. On the record before it the circuit court could not properly determine that the justice failed to enter in his docket the place to which the cause was adjourned. The judgment of the circuit court must therefore be reversed. If the defendant desires it, that court should order a further return. Besides the want of a proper certificate, the record contains no order for a further return, and the transcript, although found

with the record returned here, is not addressed to the circuit court, and there is nothing to show who delivered it to the clerk of that court, or how it came in this record. It seems little better than a fugitive paper, uncalled for, unauthorized, and wanting identification, which, in some unknown way, has crept into the record. To rest a solemn judgment of the court solely upon such a paper is entirely inadmissible.

A party can scarcely be misled by the failure of the justice to enter in his docket the place to which a cause is adjourned, especially when it is adjourned (as in this case) at the office of the justice; and it is a very technical rule which holds the judgment of the justice absolutely void if he fails to enter the same in his docket. Hence, it is not unreasonable to require the return of the justice to show such failure clearly and unmistakably before a judgment is reversed for that reason alone. The party who relies upon a technical error to avoid a judgment against him must be held to strict rules in making the error manifest to the court.

The writ of *certiorari* herein is informal in that it contains no express mandate to the justice to return the record in the cause, but sufficient appears in the writ to apprise the justice that he was required to do so. Inasmuch as there is no statutory form of a common law writ of *certiorari* prescribed, this writ is, we think, sufficient.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for further proceedings according to law.