59 477
90 165

## THE STATE VS. BONCHER.

*January 15 — January 29, 1884.*

CRIMINAL LAW AND PRACTICE: LICENSE LAWS: JUSTICES' COURTS. *(1) Amendment of complaint. (2, 3) Complaint construed: intoxicating or malt liquors: minors. (4) Adjournments. (5) Waiver of jurisdictional errors by appeal.*

1. A complaint for selling liquor to minors was amended, without objection, after the defendant had pleaded thereto, by striking out a part thereof; and the defendant again pleaded to the complaint as amended. *Held*, that the amendment was effectual, and the words stricken are not in the complaint.
2. Such complaint charges the selling of "intoxicating *or* malt liquors." *Held*, that the "or" is used to explain the kind of intoxicating liquors sold. The complaint is therefore sufficient, but evidence of the sale of any other than malt liquors is inadmissible.
3. An allegation in such complaint that the liquor was sold to " S. M. and W. M., who being minors," shows with sufficient certainty that the persons named were minors.
[4. Whether the statute (sec. 4744, R. S.) which provides that in a criminal proceeding before a justice of the peace, "upon the return of the warrant the justice shall proceed to hear, try and determine the cause *within one day, unless continued for cause*," governs the procedure after there has been one adjournment for cause, is not determined.]
5. If a judgment of conviction has been pronounced by a justice of the peace, upon a valid complaint, charging an offense which he had jurisdiction to hear, try and determine, a regular appeal by the defendant from such judgment confers jurisdiction upon the appellate court, even though the justice may have committed errors which divested his jurisdiction.

EXCEPTIONS from the Circuit Court for *Marathon* County.

The defendant was prosecuted in the municipal court for Marathon county for selling liquor to minors, and was convicted. He appealed to the circuit court and a trial in that court also resulted in a conviction. The cause comes to this court on exceptions, summarily settled and allowed by the court pursuant to the statute.

The complaint (omitting formal parts) was, in the first instance, as follows: "D. C. Burnett, being duly sworn, says that on the first day of December, A. D. 1882, at said county, *Louis Boncher*, being there the keeper of a saloon in the city of Wausau, Marathon county, Wisconsin, did sell, vend, and give away [any spirituous, ardent, or] intoxicating or malt liquor or drinks, to Sherman McConky and Walter Mosher, who being minors, and the said *Louis Boncher*, [having good reason to believe them to be such.]" After the return of the warrant the record shows an adjournment, on motion of the defendant, from December 23, 1882, to the next day, at one o'clock P. M., for the purpose of procuring the attendance of witnesses. In the afternoon of December 24th, which was Saturday, the case was again adjourned until Tuesday, December 27th, at eight o'clock, A. M. No cause is stated for the last adjournment, and it does not appear on whose motion it was granted. On the 27th the trial in the municipal court proceeded, and before any witness had been sworn the court allowed the complaint to be amended by striking out the words in brackets in the above copy thereof. No objection was interposed to these amendments. Indeed, the accused formally pleaded to the complaint after the words "any spirituous, ardent, or" had been stricken therefrom, although he had pleaded thereto before such amendment was made.

In the municipal court the defendant objected to the ad-

The State vs. Boncher.

mission of any testimony under the complaint, for the reason that it does not charge an offense. When the cause was called for trial in the circuit court he moved to dismiss it for the same reason, and the further reason that the municipal court lost jurisdiction thereof by the adjournment from December 24th to December 27th. The motion was over-ruled, and was renewed after verdict on the same grounds and again overruled. The exceptions to be determined are to the rulings of the circuit court upon these motions.

*Neal Brown*, for the defendant, after citing cases to the point that the complaint was bad because charging the commission of several offenses in the disjunctive form, contended, *inter alia*, that if the complaint was radically bad it could not be amended. The statute of amendments applies only to matters of form. It could not extend further without prejudicing the constitutional rights of the accused; and the same limitation applies to the power of the court. The accused has a right to know the nature and cause of the accusation against him. This right is fixed by the complaint as made, not as it is when amended. He cannot be deprived of it by the court, nor by statute; neither can he waive it or bargain it away. *Fink v. Milwaukee*, 17 Wis., 27; *Comm. v. Phillips*, 16 Pick., 211; *People v. Campbell*, 4 Parker's Crim. R., 386; *Murphy v. State*, 24 Miss., 590; *S. C.*, 28 id., 637; *Noles v. State*, 24 Ala., 672; *Comm. v. Phillipsburg*, 10 Mass., 78; *Comm. v. Mahar*, 16 Pick., 120; *Thompson v. State*, 25 Ala., 41; 1 Bishop on Cr. Proc., 389, 394–5, 403; *Norris v. State*, 33 Miss., 373; *Byrnes v. People*, 37 Mich., 515; *State v. Wilburn*, 25 Tex., 738; *State v. Daugherty*, 30 id., 360; *Comm. v. Buzzard*, 5 Grat., 694; *State v. Learned*, 47 Me., 429; Wharton's Cr. Pl. & Pr., 90; *People v. Berberrich*, 11 How. Pr., 289; Sedgw. on Stat. and Const. Law, 115.

*H. W. Chynoweth*, Assistant Attorney General, for the state.

Lyon, J.  The first question for determination raised by the exceptions is, Does the complaint charge a criminal offense?  The complaint was amended in two particulars, without objection.  After the first amendment was made, the defendant pleaded *de novo* to the amended complaint. That amendment strikes out the words "any spirituous, ardent, or."  The other amendment striking out the words, "having good reason to believe them to be such," was entirely immaterial.  It was of no importance whether those words were retained or stricken out.  The averment was probably necessary under sec. 1557, R. S., but it is rendered unnecessary by an amendment to that section found in sec. 2, ch. 174, Laws of 1881.  See Sanborn & Berryman's Supp. to R. S., 339.  No objection having been made to the amendments, and the defendant having pleaded to the complaint as it was after the first and only material amendment had been made, we think the amendments were effectual, and that the words thus stricken out are not in the complaint.

Two objections are urged to the sufficiency of the amended complaint.  These are (1) that it charges in the disjunctive the selling, etc., of "intoxicating *or* malt liquors;" and (2) it is not sufficiently averred that the persons to whom the same were sold were minors.  The answer to the first objection is that the word "or" is manifestly there used to explain the kind of intoxicating liquors sold, to wit, malt as distinguished from ardent or spirituous liquors.  Under the amended complaint it would have been error to allow testimony of a sale of any other than malt liquors.  When used in this sense the disjunctive form of expression is permissible.  It was so held in *Clifford v. State*, 29 Wis., 327, and several cases are cited to the proposition in the opinion by Chief Justice Dixon (page 329).  We think this objection to the sufficiency of the complaint cannot be sustained.  Neither do we think the other objection thereto is well taken.  The

complaint alleges that the persons therein named, to whom the defendant sold liquors, " who being minors." This is an awkward mode of averring their minority. Had the word " they" been employed instead of " who," there could be no doubt of the sufficiency of the averment. Yet, under the averment as it is, we think the fact and the offense is set forth with a sufficient degree of certainty to enable the court " to pronounce judgment upon a conviction according to the right of the case." This is all that is required in an information even for a felony (R. S., 1092, sec. 4658; *Hintz v. State*, 58 Wis., 493); and no more can be required in a complaint for a mere misdemeanor.. R. S., 1106, sec. 4742. We conclude that the complaint is sufficient.

The only other question presented by the exceptions is, whether the adjournment from December 24th to the 27th of the same month, conceding it to have been irregular and fatal to the jurisdiction of the municipal court, deprived the circuit court of jurisdiction of the case on appeal. It is understood that the municipal court had only the jurisdiction of a justice of the peace in the case. It may well be doubted whether the statute which provides that " on the return of the warrant with the accused, the justice shall proceed to hear, try, and determine the cause within one day, unless continued for cause" (sec. 4744), is applicable to the adjournment under consideration, for the reason that the case had already been adjourned for one day for cause. It is quite probable that the first adjournment fulfilled the requirements of the statute, and hence that the statute does not govern the procedure on the second adjournment. We choose, however, not to determine that point, but to decide the question on the assumption that the second adjournment was governed by the statute, and therefore irregular. We are conscious, however, that we do so at the risk of being charged in some future case with having indulged in *obiter dictum*. In *Hepler v. State* 43 Wis., 479, and *Harrington v.*

*State*, 50 Wis., 68, it was held that an adjournment by the justice of a criminal trial beyond one day after the accused was brought before him, unless for cause appearing by the docket entry, ousted the justice of jurisdiction, and that the circuit court obtained no jurisdiction by an appeal. The rule of these cases was greatly shaken in *State v. Haas*, 52 Wis., 407, and was entirely overturned by the judgment in *State v. Tall*, 56 Wis., 577. In *State v. Haas*, the justice rendered an unauthorized judgment which was void. It was held that the circuit court obtained jurisdiction by an appeal. In *State v. Tall* there was an adjournment for three days, and the case was argued and determined on the assumption that the docket entry failed to show that such adjournment was for cause. It was held, as in the other case, that the circuit court obtained jurisdiction by an appeal. Both of these cases rest upon the principle that if the circuit court has jurisdiction of the subject matter of the prosecution and the person of the accused it is sufficient. We think the principle is sound and just, and we deem it our duty to adhere to it. The cases of *Hepler* and *Harrington*, in so far as they conflict with the later cases, must, therefore, be considered as overruled.

In the present case, the municipal court had jurisdiction of the subject matter of the prosecution, which passed to the circuit court by the appeal, and the appeal by the defendant gave that court jurisdiction of his person. Given, a valid complaint, charging an offense which the municipal court has jurisdiction to hear, try, and determine, a judgment of conviction pronounced by that court, and a regular appeal therefrom by the defendant, the jurisdiction of the circuit court to hear, try, and determine the case, logically and necessarily follows, even though the municipal court may have committed errors which divested its jurisdiction. We find in this case all of these elements of the jurisdiction of the circuit court.

It follows from these views that all the exceptions must be overruled. The cause will be remanded with directions to the circuit court to pronounce judgment upon the verdict. *By the Court.*— Ordered accordingly.