BROSDE, Respondent, vs. SANDERSON and another, Appellants.

*October 21 — November 28, 1893.*

*Criminal law and practice: Justices' courts: Adjournments: Loss of jurisdiction: Waiver: False imprisonment: Damages.*

1. A justice of the peace loses jurisdiction if he fails to enter on his docket the time and place to which a case is adjourned; and in a criminal case the imprisonment of the defendant after such adjournment is unlawful.
2. If such loss of jurisdiction can be waived in a criminal case by the subsequent appearance of the defendant without objection, such appearance must be a voluntary one. An appearance in order to avoid default on a bond and loss of money deposited to secure his appearance, is not voluntary.
3. An award of $250 damages for a false imprisonment of two days is *held* not excessive.

APPEAL from the Circuit Court for *Milwaukee* County.

False imprisonment. The plaintiff was arrested by defendant *Heiden*, a constable, on a valid criminal warrant issued by the defendant *Sanderson*, a justice of the peace. He was brought before the justice August 1, 1891, arraigned, and pleaded not guilty, whereupon he asked for a continuance to obtain witnesses until August 3d. The continuance was granted, and the plaintiff was committed to jail in the meantime, but the justice did not enter in his docket the time or place to which the case was adjourned. The defendant *Heiden* took the plaintiff to jail, where he was imprisoned until August 3d, when *Heiden* again brought him before the justice. Another adjournment was had until August 4th, and the plaintiff gave his own recognizance for his appearance, and deposited $40 with the justice to secure his bond. On August 4th the plaintiff appeared pursuant to his recognizance, and the action was dismissed without trial. The plaintiff paid his attorney $10 out of the $40

deposited in court; also the justice's, constable's, and witnesses' fees; and received back out of the $40 but $8.19. The damages were laid at $1,000, besides the $31.81 paid for costs, etc. The jury returned a verdict for the plaintiff for $250, on which judgment was rendered, and defendants appeal.

The cause was submitted for the appellants on the brief of *J. M. Clarke,* and for the respondent on that of *John J. McAuliffe* and *J. C. McKenney.*

Counsel for the appellants cited *Witt v. Henze,* 58 Wis. 244, 246-7; *Storm v. Adams,* 56 id. 137, 145; *Coffee v. Chippewa Falls,* 36 id. 121, 125-6; *Blackwood v. Jones,* 27 id. 498; *French v. Ferguson,* 77 id. 124; *Weeks v. Lyon,* 18 Barb. 530; *Tifft v. Culver,* 3 Hill, 180.

WINSLOW, J. It is manifest that the justice completely lost jurisdiction of the case after the first adjournment by not entering on his docket the time and place to which the case was adjourned. *Brahmstead v. Ward,* 44 Wis. 591. The plaintiff's imprisonment after this adjournment was without warrant of law, there being no action then pending. The circuit judge so charged the jury, and the charge was plainly right.

It is claimed that this defect or loss of jurisdiction was waived by the appearance of the plaintiff, without objection, on the 4th of August. Conceding that such a jurisdictional error might be waived in a criminal case by an appearance without objection, it is very certain that the appearance must be a voluntary one to have such an effect. In this case the appearance on August 4th cannot be called voluntary. He had been compelled to give bond and deposit money to secure his appearance, and he was compelled to appear in order to avoid default on his bond and loss of the money deposited. Such an appearance is substantially coerced. It would be a misnomer to call it vol-

untary. It is said that the constable was protected by valid process. He neither pleads nor shows in evidence any process after the first warrant.

The damages do not seem excessive. We see no error in respect thereto.

*By the Court.*— Judgment affirmed.