Gallager vs. Serfling.

GALLAGER, Respondent, vs. SERFLING, Appellant.

*February 20 — March 10, 1896.*

*Justices' courts: Jurisdiction: Second adjournment: Sickness of justice.*

The allowance of a second adjournment before a justice of the peace in the absence and without the consent of the defendant, and without the oath or affidavit required by sec. 3631, R. S., deprives the justice of jurisdiction, even though such adjournment was "by consent of the plaintiff, and in consequence of sickness of the court." The course to be pursued in case of the sickness of the justice is that prescribed by sec. 3586.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Reversed.*

*M. C. Mead*, for the appellant.

For the respondent the cause was submitted on the brief of *F. H. Denison.*

PINNEY, J.   This action was commenced before a justice of the peace, and upon the return day of the summons the parties appeared, issue was joined, and by consent the case was adjourned for nine days.   On the adjourned day the plaintiff appeared, but the defendant did not; and thereupon, "by consent of the plaintiff, and in consequence of sickness of the court," but without any cause shown by oath or affidavit, the case was adjourned one week.   On the second adjourned day the plaintiff appeared, but the defendant did not, and the plaintiff proceeded with her case; and the court, after hearing the evidence, gave judgment in favor of the plaintiff and against the defendant for $56.85 damages and $8.07 costs.   The defendant sued out a writ of *certiorari* from the circuit court to reverse the judgment, assigning as ground for reversal that the justice lost jurisdiction of the action by the second adjournment without cause shown as required by law, and without the consent of the defendant. These facts appearing by the return to the writ, the circuit court gave judgment affirming the judgment of the justice, from which the defendant appealed.

The statute (R. S. sec. 3631) provides that "no adjournment after the first shall be allowed upon the application of a party, unless such party shall satisfy the justice by his own oath, or the oath of some other person, that he cannot safely proceed to trial for want of some material witness or testimony (naming such witness or testimony)," etc.   It is settled that the allowance of a second adjournment before a justice, in the absence and without the consent of the defendant, and without the oath or affidavit provided in this section of the statute, deprives the justice of jurisdiction in the cause.   *Grace v. Mitchell,* 31 Wis. 533; *State v. Gust,* 70 Wis. 631.   This objection to the judgment of the justice is necessarily fatal.   Sec. 3586, R. S., which provides that if any justice of the peace shall " be unable from sickness to attend to business, when there shall be pending before him

any matter or action undetermined, he may deliver his docket and all the papers relating to such matter or action, with a minute of his proceedings therein, to some other justice of the same town, who may thereupon proceed to hear, try and determine such matter," etc., points out the course the justice should have pursued under the circumstances stated. He had no implied power to grant the adjournment. For these reasons the judgment appealed from must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to reverse the judgment of the justice.