The State ex rel. Dearborn vs. Merrick.

THE STATE EX REL. DEARBORN, Plaintiff in error, vs. MERRICK, Justice, etc., Defendant in error.

*October 15 — November 1, 1898.*

*Criminal law and practice: Justices' courts: Change of venue: Waiver of right: Adjournments: Docket entries: Amendment of pleading.*

1. Under sec. 4744, R. S. 1878, which provides for a change of venue on defendant's motion in a criminal case before a justice, if applied for before pleading to the complaint, the privilege is waived by such pleading and is not revived by a withdrawal of such plea.

2. If an adjournment of a cause before a justice is had on defendant's motion, he will thereafter be estopped from taking advantage of an error in that no cause for the adjournment was shown.

3. If an adjournment of a cause before a justice of the peace be had, and the docket fails to show that it was for cause, in the absence of proof to the contrary it will be presumed that cause was shown or consent given.

4. It is not essential to the jurisdiction of a justice, in case of the adjournment of a cause pending before him, that the docket shall show that the adjournment was for cause, or the cause.

5. Proper amendments to a complaint or information in a criminal action do not call for a new plea to such complaint or information.

[Syllabus by MARSHALL, J.]

ERROR to review a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Plaintiff was duly brought before a justice's court on a warrant issued on a sworn complaint charging him with violating the statutes in regard to the sale of intoxicating liquor. He pleaded not guilty to the complaint. An adjournment of the cause was then granted for eight days on his application. On the adjourned day the accused was permitted to withdraw his plea of not guilty. He then filed an affidavit of prejudice, and moved thereon for a change of venue. The motion was denied. Thereupon he again pleaded not guilty to the complaint, and the cause was tried, resulting in a conviction and judgment. Pending the trial some amend-

ments to the complaint in regard to dates were allowed. The judgment and proceedings were removed to the circuit court on *certiorari*. Upon the hearing in the circuit court the judgment was affirmed. The judgment of affirmance was removed to this court on writ of error, several errors being assigned, going to the jurisdiction of the justice who tried the cause.

For the plaintiff in error the cause was submitted on the brief of *Herman Grotophorst*.

*John L. Erdall*, first assistant attorney general, for the defendant in error.

MARSHALL, J. Did the filing of the affidavit of prejudice and the motion thereon for a change of venue made on the adjourned day of the case, the plea of not guilty having been first withdrawn by permission of the court, oust the justice of jurisdiction? That appears to be the principal subject presented for our determination. The right to the change of venue was governed by sec. 4744, R. S. 1878, which reads as follows: " On the return of the warrant with the accused, the said justice shall proceed to hear, try and determine the cause within one day, unless continued for cause; and if the defendant shall, before he pleads to said complaint, make oath that from prejudice or other cause, he believes the justice will not decide impartially in the matter, then said justice shall immediately transmit all the papers in the case to the nearest justice of the same county, qualified by law to try " the cause. That the right to a change of venue was waived by the act of plaintiff in error in pleading to the complaint, by the express language of the statute, seems to be too plain for controversy. The right is wholly statutory, therefore no reason is perceived for the contention that it can be revived after having been once waived. To hold that would be to ingraft onto the statute a proviso that, if a plea be once entered to the complaint and thereafter withdrawn by per-

The State ex rel. Dearborn vs. Merrick.

mission of the court, at any time before final hearing, the right to a change of venue on the defendant's complying with the statute governing the subject shall thereby be revived. That could not properly be called judicial construction, because the statute is too plain to require construction. It says, unmistakably, that the change of venue may be had if applied for before pleading to the complaint. We must hold to that plain meaning, and that if a plea be once entered the right to the change of venue is thereby irrevocably waived. Other courts have reached a similar conclusion in respect to similar statutes. In *Allen v. Coates*, 29 Minn. 46, the statute gave defendant the right to a change of venue on complying therewith, if applied for within the time for answering. After default, leave was given to answer by a day named, and the cause was adjourned to that day. Before answering on the adjourned day the defendant made his application for a change of venue, and it was denied. On appeal the court, by GILFILLAN, C. J., said, in effect, that after the time for answering has expired the right to demand a change of venue is gone. An order granting leave to answer does not revive that right.

It is further assigned for error that the justice's docket does not show the adjournment of the case was for cause. It is a sufficient answer to that, as the attorney general suggests, that the adjournment was granted on request of the defendant. That effectually waived the necessity for cause. The rule is that where a case is adjourned by consent of a party he cannot thereafter challenge the jurisdiction of the justice because no cause was shown; and, unless it affirmatively appears to the contrary, the court will presume in favor of the justice's jurisdiction that proper cause was shown or that consent was given. *Baizer v. Lasch*, 28 Wis. 268. The case is unlike those where the court lost jurisdiction by failing to state at whose request the adjournment was granted, and to what time and place. Entries

upon the docket showing those facts are jurisdictional, because expressly required by statute. R. S. 1878, sec. 3574; *Jones v. Hunt*, 90 Wis. 199; *Witt v. Henze*, 58 Wis. 244; *State ex rel. Marsh v. Whittet*, 61 Wis. 351. There is nothing in *Hepler v. State*, 43 Wis. 479, inconsistent with the foregoing. The defect there was that the docket failed to show the fact of adjournment. The decision in *Harrington v. State*, 50 Wis. 68, was intended to follow *Hepler v. State, supra*, as it properly might, because the fact of adjournment was not stated in the docket. The further jurisdictional defect suggested in the opinion by Mr. Justice Lyon,— failure to state the cause of the adjournment,— finds no support in the *Hepler Case* or any requirement of the statute, and is contrary to *Baizer v. Lasch, supra*. It overlooked the wording of the statute, which plainly does not require the cause to appear upon the docket, while it does require the fact of adjournment to appear, with the time when and the place where the cause will again be called for further proceedings.

It is further contended that it was error to convict the accused on an amended complaint which had not been sworn or pleaded to as amended. If that was error,— and we think it was not,— certainly it was not jurisdictional, therefore cannot be reviewed on this proceeding to test the action of the circuit court in sustaining the jurisdiction of the justice. Proper amendments to the complaint did not render it necessary that it should be resworn to, or that a new plea should be entered. *Rasmussen v. State*, 63 Wis. 1; *Baker v. State*, 88 Wis. 140.

*By the Court.*— The judgment of the circuit court is affirmed.