HOLZ, Respondent, vs. REDISKE and others, Appellants.

*December 19, 1902—January 13, 1903.*

*Justices of the peace: Second adjournment: Jurisdiction: Docket entries: Presumptions: Subpœna: Attachment of witnesses: False imprisonment: Officers: Direction of verdict: Practice: Appeal and error: Judgments: Evidence: Material error: Damages.*

1. Sec. 3631, Stats. 1898, provides that in justices' courts an adjournment, after the first, can only be granted on consent of the parties, or upon affidavit showing the absence of a material witness. From the docket entries of a justice of the peace it appeared that three adjournments had been had, when, on plaintiff's request, "for the reason that his lawyer could not be present," a fourth adjournment was taken. *Held,* that the justice lost jurisdiction when he granted the fourth adjournment.

2. Where the docket entries of a justice of the peace show the cause on which a second adjournment was granted, no presumption can be entertained that proper cause therefor was shown, or that consent thereto was given, and, if the cause appearing on the docket is insufficient, the justice loses jurisdiction on granting such adjournment.

3. Where a justice of the peace has lost jurisdiction, he has no power to issue a subpœna to compel the attendance of a witness, nor to issue an attachment for his appearance in that case.

4. In such case, the attachment being void, arrest and detention thereunder constitute false imprisonment as a matter of law.

5. In an action for false imprisonment it appeared, among other things, that H. was the defendant in an action brought by R. before W., a justice of the peace; that after three adjournments R., without the affidavit required by sec. 3631, Stats. 1898, procured a fourth adjournment because his lawyer could not be present; that on the adjourned day H. did not appear, and a subpœna was issued to compel his appearance; that H., having refused to obey the subpœna, an attachment, regular on its face, was issued by W. and delivered to S., a constable, who arrested H. and brought him before the justice, where he was detained for some time. H. brought an action for false imprisonment against R., the justice, and the constable. *Held,* that a verdict should have been directed against R. and W.,

and that the only question to be submitted to the jury, so far as they were concerned, was the question as to the amount of damages.

6. In such case, there being no evidence tending to show that S., the constable, had any knowledge of any lack of jurisdiction of the justice, S. was protected by his writ, and judgment in his favor should have been directed.

7. In an action against a constable and two others for false imprisonment, judgment was rendered against them all, jointly. The judgment was erroneous as to the constable because he acted under a writ, fair on its face, and without knowledge of any jurisdictional defects. *Held*, that the error necessitated reversal of the whole judgment.

8. In an action for false imprisonment it is error to permit plaintiff, against objection, to state that he had a family, and to give the number of his children.

9. In an action for false imprisonment in the arrest and detention of plaintiff by attachment for contempt in refusing to obey a void subpœna, evidence that plaintiff was found guilty of using abusive language to the officer who made the arrest, and was imprisoned therefor, is inadmissible.

10. In an action for false imprisonment it is competent, on the question of damages, to show the manner of the arrest, and all that was said and done while the plaintiff was held under the warrant under which he was arrested.

APPEAL from a judgment of the superior court of Milwaukee county: LAWRENCE W. HALSEY, Judge. *Reversed.*

This is an action for false imprisonment, in which the plaintiff, after a jury trial, recovered a judgment against the defendants for $500 and costs. It appeared upon the trial that the action grew out of a previous civil action in which the defendant *Rediske* had sued the plaintiff, *Holz*, before the defendant *Wolski*, a justice of the peace, for the unlawful sale of mortgaged chattels. That action was brought in September, 1900, and the case was continued from time to time until October 26, 1900, when *Rediske* asked for a further continuance. The continuance was granted by the justice, and this entry made in his docket:

"Plaintiff asked for an adjournment for the reason that his lawyer could not be present. Motion granted. Case is

adjourned until the 2d day of November, A. D. 1900, at 2 p. m., at this office."

On the 2d of November *Holz* did not appear, claiming that the justice had lost jurisdiction, and a subpœna was issued for him, commanding his appearance. He refused to obey the subpœna, and, upon the fact appearing by affidavit, the justice, *Wolski,* issued an attachment against him for contempt, upon which the defendant *Strothenke* arrested him, and brought him before the justice, where he was detained some time. It further appears that upon the return of the constable with *Holz* the defendant *Wolski* entered in his docket that the "defendant *Fred Holz* now appears in person, and asks that this cause be continued until the 8th day of November, 1900, at 2 o'clock in the afternoon of that day. Motion granted, and by consent of parties this action is adjourned," etc. It also appears that while *Holz* was still at the justice's office a complaint was made against him for using abusive language towards *Strothenke,* and he was tried before *Wolski,* and sentenced to imprisonment in the house of correction for fifteen days, and that he worked out the sentence. The testimony as to his imprisonment in the house of correction was, however, afterwards stricken out by the court, except so far as it was offered for the purpose of impeachment of *Holz's* credibility as a witness. The verdict of the jury was general against all of the defendants.

For the appellants the cause was submitted on the brief of *Doerfler, McElroy & Eschweiler.*

For the respondent there was a brief by *J. E. Wildish* and *Irving T. Ford,* and oral argument by *Mr. Wildish.*

WINSLOW, J. The docket of the justice of the peace conclusively shows that he lost jurisdiction of the action of Rediske against Holz when he adjourned that action until the 2d day of November on plaintiff's request "for the reason that his [plaintiff's] lawyer could not be present." This

was the fourth adjournment of the cause, and it could only be granted by consent of the parties, or upon affidavit showing the absence of a material witness, as prescribed in sec. 3631, Stats. 1898.   It is true that it is not essential that the docket should show the cause of the adjournment, for,. in the absence of any statement in the docket as to the cause, it will be presumed that proper cause was shown or consent given. *State ex rel. Dearborn v. Merrick,* 101 Wis. 162, 77 N. W. 719.   But where the cause is given in the docket no such presumption can be entertained, and, if the cause be insufficient, jurisdiction will be lost.   This was the case in *Gallager v. Serfling,* 92 Wis. 544, 66 N. W. 692, where the docket showed that the cause was adjourned "in consequence of the sickness of the court."   The record in that case shows that this was the expression used in the docket, and that it did not appear affirmatively by any statement in the docket that no other cause was shown, as might be supposed, perhaps, from the opinion.   Thus the case became almost the exact duplicate of the case at bar, and is therefore controlling.

The justice having lost jurisdiction of the case, he had no power to issue a subpoena to compel the attendance of *Holz* as a witness, nor did he have any power to issue an attachment for his appearance.   The attachment was void, and the arrest and detention under it constituted false imprisonment as a matter of law.   Hence a verdict should have been directed against *Wolski,* the justice, and *Rediske,* the plaintiff in that action; and the only question to be submitted to the jury, so far as they were concerned, was the question as to the amount of damages.   As to the constable, *Strothenke,* the case was different.   He acted under a warrant of arrest regular on its face, and is not shown to have had any knowledge of any lack of jurisdiction of the justice.   Under such circumstances the officer is protected by his writ.   *Sprague v. Birchard,* 1 Wis. 457; *Lueck v. Heisler,* 87 Wis. 644, 58 N. W. 1101.   Hence a verdict for the defendant *Strothenke*

should have been directed.    This will necessitate reversal of
the entire judgment, as the recovery was joint.    *Young v.
Wise,* 7 Wis. 128.

There are, however, other errors claimed, and two will be
noted.    The plaintiff was allowed to state against objection
that he had a family, and to give the number of his children.
Under the rule recently laid down in *Bergeron v. Peyton,*
106 Wis. 377, 82 N. W. 291, this was erroneous.

The complaint shows that the action was brought specific-
ally for the illegal arrest and the subsequent false imprison-
ment in the office of the justice of the peace, and not for the
imprisonment in the house of correction under the convic-
tion for using abusive language.    Evidence of the imprison-
ment in the house of correction was allowed, however, gener-
ally, against objection by the defendants.    This was clearly
inadmissible and should not have been admitted as proof gen-
erally in the case.    It is true that the court struck it out to-
wards the close of the case, and, while we might not reverse
for this cause alone, we deem it proper to note the error as
a guide in a new trial.

The questions in the case were really very simple.    The
defendant *Strothenke* was entitled to be discharged.    As to
the defendants *Rediske* and *Wolski* the only question was as
to the amount of damages.    Upon this question it was com-
petent to show the manner of the arrest, and all that was said
and done at the office of the justice while the plaintiff was
held under the warrant of attachment.    There should be no
difficulty upon a new trial.

*By the Court.*—Judgment reversed and action remanded
for a new trial.