Holz, Respondent, vs. Rediske, Appellant.

*October 22—November 17, 1903.*

*Justices' courts: Lost jurisdiction: Subsequent voluntary appearance: Appeal: Questions considered.*

1. A justice lost jurisdiction by an unauthorized adjournment. On the adjourned day defendant, who had been subpœnaed as a witness, failed to appear, and was arrested and brought into court by attachment. After showing these facts, the justice's docket states that defendant "now appears and asks that this cause be continued until," etc.; that the motion was granted; and that "by consent of the parties" the action was adjourned accordingly. *Held,* that defendant's appearance was voluntary, and the justice thereby regained jurisdiction.

2. An objection to the jurisdiction of a justice, not alleged in the petition to the circuit court for a writ of *certiorari,* but urged for the first time on appeal from the circuit court to this court, will not be considered.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This is an action of *certiorari* brought to reverse the judgment of a justice of the peace. Return to the writ was made by the justice, and it appeared therefrom that *Rediske* sued *Holz* in a tort action before the justice, and obtained an order of arrest September 25, 1900; that *Holz* was arrested, and appeared in court September 29, 1900, when issue was joined in the action and the same was adjourned until October 6, 1900, *Holz* giving his own recognizance to appear in court *September 6,* 1900, and "answer to a criminal prosecution for . . . ." On October 6th the parties appeared, a jury trial was demanded by *Holz,* the jury selected, venire issued, and the case adjourned by consent to October 12th. A like adjournment was had on the 12th to the 19th, and on the 19th to the 26th of October. On the 26th of October both parties appeared personally, and *Rediske* asked for an ad-

journment because his lawyer could not be present, which motion was granted and the case adjourned to the 2d day of November. November 1st a subpœna was issued at the request of *Rediske* for *Holz,* returnable on the following day. November 2d *Rediske* appeared, but *Holz* did not. Proof was made of due service of the subpœna on *Holz,* and that he was a material witness and refused to attend, and an attachment was issued to the constable for his arrest. The attachment was returned by the officer, his return stating that he had arrested *Holz* and had him now in custody in court. The docket then proceeds as follows:

"Plaintiff is ready for trial. The defendant, *Frederick Holz,* now appears in person, and asks that this cause be continued until the 8th day of November, 1900, at 2 o'clock p. m. of that day. Motion granted, and by consent of the parties this action is adjourned until the 8th day of November, 1900, at 2 o'clock in the afternoon, at this, my office."

November 8, 1900, the case was called, and *Holz* did not appear, whereupon the court proceeded to try the case without a jury, and rendered judgment for the plaintiff for damages and costs. Upon the record the circuit court reversed the judgment of the justice, and *Rediske* appeals.

For the appellant there was a brief by *Doerfler, McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

*J. E. Wildish,* for the respondent.

WINSLOW, J. The sole question is whether the record of the justice shows that the judgment of the justice was rendered without jurisdiction. That he lost jurisdiction by the adjournment of October 26th is *res adjudicata* as between these parties. *Holz v. Rediske,* 116 Wis. 353, 92 N. W. 1105. The question is whether the docket shows that jurisdiction was regained by the appearance of *Holz* on the 2d of November. If this appearance was voluntary, jurisdiction was regained; if involuntary, it was not regained. *Brosde*

*v. Sanderson,* 86 Wis. 368, 57 N. W. 49. *Holz* had given no bond for his appearance on the last-named day, hence the principle laid down in the last-named case does not apply; but it is claimed that, because he had been arrested and brought into court by attachment, his subsequent appearance must be considered involuntary. If it appeared that his entry into court under arrest was the sole fact upon which the entry of his appearance was predicated, this position would doubtless be correct; but the justice's docket, which must be taken as true, does not, in our judgment, show this fact. It is true that it shows that *Holz* was arrested and brought into court, but it then states that he appeared in the action and asked for a continuance, which was granted. There is nothing which shows that either the appearance or motion for continuance was coerced. On the contrary, the only reasonable inference from the statements of the docket is that they were voluntary acts. The fact that *Holz* was under arrest did not prevent him from voluntarily appearing if he chose to do so. It must therefore be held that the docket shows that jurisdiction was regained by the voluntary appearance.

It is said that jurisdiction was lost by reason of the failure to try the case by jury after demand had been made for the jury trial, but, as this ground was not alleged in the petition for the writ and is urged for the first time in this court, it will not be considered.

*By the Court.*—Judgment reversed, and action remanded with directions to affirm the judgment of the justice.