· BERGHAMMER, Respondent, vs. MAYER, Appellant.

*January 14—February 9, 1926.*

*Seduction: Action by father: Damages: Loss of wages of daugh-
ter: Shame, humiliation, and disgrace: As basis for punitory
damages: Adequate or excessive: Evidence: As to size of
plaintiff's family: That he was supporting child.*

1. In an action by a father for the seduction of his minor daugh-
   ter, the jury may not consider expenses for medical services
   or for nursing in awarding compensatory damages, where no
   evidence was introduced to prove such expenses.   p. 199.
2. The probable loss of services from the date of the trial until
   the majority of the daughter, though speculative, is within the
   province of the jury in assessing damages.   p. 199.
3. An award of $2,000 for the father's actual pecuniary loss of
   services for the seduction of his fifteen-year-old daughter,
   who had been receiving her board and lodging and $5 per
   week and was employed for nineteen months, from the date
   of the birth of the child until the trial, with two years still
   remaining until her majority, is *held* excessive and is reduced
   to $1,000.   p. 200.                              •
4. The damages which result from the plaintiff's shame, humil-
   iation, and disgrace are proper elements for the jury in
   considering compensatory damages, but are not elements in
   considering punitory damages.   p. 200.
5. Where the exemplary damages awarded were not excessive,
   and the pecuniary damages were reduced to an amount proved
   by the evidence, improper instructions submitting plaintiff's
   shame and disgrace as a proper element for exemplary dam-
   ages rather than compensatory are not ground for reversal or
   the granting of a new trial.   p. 202.

6. Where the offense was an aggravated one and the damages awarded were not excessive, the admission of evidence that plaintiff was the father of thirteen children is *held* not prejudicial, even if erroneous.   p. 203.

[7. Whether it is prejudicial error to allow plaintiff to show he was supporting the illegitimate child in his family, not decided.]   p. 202.

APPEAL from a judgment of the county court of Dodge county: E. H. NABER, Judge. *Modified and affirmed.*

*J. H. Schnorenberg* of Hartford and *M. L. Lueck* of Beaver Dam, for the appellant.

For the respondent there was a brief by *Edward J. Gehl,* attorney, and *Sawyer & Gehl,* of counsel, all of Hartford, and oral argument by *Mr. Gehl.*

DOERFLER, J.    The action is brought by the plaintiff to recover damages for the seduction by the defendant of plaintiff's minor daughter Mary.    The defendant is a bachelor about sixty years of age, and was the owner and operator of a farm in Dodge county during the time referred to herein.    In the year 1921 he hired plaintiff's daughter as a servant to perform both housework and farm duties, and the complaint alleges that during such period of employment the defendant seduced her and that she became pregnant and gave birth to a child. .

The case was tried with a jury, and a general verdict was submitted and returned wherein $2,000 as compensatory damages was awarded and $3,000 as exemplary damages. The trial court approved the verdict and ordered judgment in favor of plaintiff in the sum of $5,000, from which judgment this appeal has been prosecuted.

Among other things, error is assigned that the seduction has not been proven by clear, satisfactory, and convincing evidence, and that it does not satisfactorily appear from the evidence that the defendant is the father of the child.    This assignment of error goes to the merits of the action and re-

quires a careful examination of the record. Such review convinces us that the evidence fully sustains the charge of seduction and the jury's conclusion in that behalf, and no useful purpose can be served by commenting thereon.

The trial court, in its instructions on the subject of compensatory damages, limited the award to plaintiff's pecuniary loss and did not include as an element of damages the shame, mortification, humiliation, disgrace, and mental anguish sustained by him. Mary was employed by the defendant from February, 1921, until September 30, 1922, on which latter date the child was born. During such employment she received her board and lodging and the sum of $5 per week. The time between the birth of the child and the trial of the action on December 24, 1924, covered a period of about two years and two months, and during this time she was actually employed for seven months, leaving nineteen months of unemployment. No evidence was introduced to prove any actual expense for medical services or for nursing, and these elements of damage, therefore, could not be considered by the jury in fixing the amount awarded for compensatory damages. The actual loss to plaintiff for wages during the two years and two months amounted to about $400. It is true that while employed by the defendant Mary had to be properly clothed, but this obligation devolved upon the plaintiff as the father of the minor, and no deduction on that account could be made by the jury in the assessment of damages.

There were still about two years intervening between the date of the trial and the time when Mary would arrive at her majority, and during this period plaintiff would be entitled to her services. Such services, being in the future, are somewhat speculative in their nature, but the fixing of such probable loss is within the proper province of the jury. The jury could also properly conclude that from the date of the trial up to the time of her majority the earning power

of the daughter, had she not been seduced, would have materially increased.

Therefore, in considering the actual pecuniary loss for a period of nineteen months and the impairment of earning power between the date of the trial and the date of majority, and the reasonable probability that her earning power would have increased in accordance with her age, the sum of $1,000 may fairly be considered as plaintiff's actual pecuniary loss. This leaves out of consideration entirely the ability of the minor to earn, in addition to wages, the value of her board and lodging.

The court, on the subject of punitory damages, instructed the jury as follows:

"Punitory or exemplary damages are given by way of punishment for wounded feelings and affections of plaintiff, his sense of shame, humiliation and disgrace for the wrong done him in his social and family relations and for the stain and dishonor brought on his family and the example to his other children.

"You should, if you find for the plaintiff, . . . assess against him such punitory or exemplary damages in addition to the actual damages as in your judgment you deem just and proper and best calculated to be an example to him, and those who may be inclined to commit a like offense. . . .

"Although instructed that you may assess punitory or exemplary damages that does not mean that you must do so if you find for the plaintiff. Whether you do so or not is left to your sound judgment under the evidence and these instructions."

The error committed by the trial court becomes clearly evident from the instructions quoted. The damages which result from plaintiff's shame, humiliation, disgrace, etc., come under the head of compensatory damages and not punitory damages. In the instant case these instructions pertaining to punitory damages, including as they do a vital element of compensatory damages, are highly favorable to the defendant. In brief, an award of damages for shame,

humiliation, disgrace, etc., was not left with the jury as a matter of right, but was subject to the judgment of the jury whether or not they should be awarded.

The evidence discloses a very serious and aggravated case of seduction. The defendant was a man sixty years of age, the owner of a large and valuable farm, and he was possessed of property worth about $50,000. He was a man with considerable experience in life, and had arrived at an age where plaintiff could well conclude that in trusting his daughter to him she would be free from any temptations of improper relations. Mary, when she started out on her employment, was of the tender age of fifteen years. Assuming that the defendant's will power was weak even at that age, and that he was devoid of an appreciation of his moral duties, it would appear that the statutes of this state would have afforded the young girl ample protection and would have acted as a powerful restraining influence on the defendant. The seduction, under the circumstances disclosed in this case, constitutes the crime of statutory rape, punishable in a lesser degree only than the offense of murder. The minor became, to all intents and purposes, a member of the defendant's family, and owing to his age and standing in the community and the tender age of the minor, the position that the defendant held towards the girl was more in the nature of one which is occupied by the head of a family. The father of the girl could therefore logically expect protection from such an infraction, rather than the commission of such an unlawful act, by the very person to whom he had intrusted his daughter, and with whom he consented that she might maintain the relationship of a ward rather than that of a servant.

Had the court properly instructed upon the subject of punitory damages, it is extremely doubtful in our minds whether an award of $3,000 for punitory damages, under the aggravated circumstances disclosed in the evidence, could

be deemed excessive.   In no event, however, can we arrive at the conclusion that an award of $3,000 for punitory damages, under the instructions of the court as they were given, is excessive; and whether we deem the award for pecuniary loss excessive or perverse, no perverseness is reflected in the jury's verdict in awarding punitory damages.

Unfortunately for the plaintiff the instructions were faulty and erroneous.   Larger pecuniary loss might readily have been shown.   But we are more than satisfied that an award of a new trial would not result in a more favorable verdict to the defendant, and in all reasonable probability the damages would be largely increased.

Having reduced the pecuniary loss to the sum of $1,000, the provisions of sec. 274.37 of the Statutes are applicable, and pursuant to them the judgment should not be reversed, set aside, or a new trial granted.   Viewing the entire record, as it is our duty to do, we are satisfied that under the modification herein indicated there exists no duplication of damages and that substantial justice will be done.

In the course of the trial evidence was admitted by the court, over objections by defendant's counsel, showing that the illegitimate child was kept by the plaintiff in his family. The duty of supporting and maintaining this child, under the law, devolved upon plaintiff's daughter and not upon the plaintiff.   Plaintiff's counsel argue that the keeping of the child added to the publicity of the disgrace; that it therefore properly entered into the subject of damages; and that the court's ruling was not erroneous.   Whether in a given case we would consider the reception of this evidence as prejudicial error we need not decide herein, in view of the opinion already expressed.   The question is a close one, and we will reserve our decision thereon for the future.

Error is also assigned by defendant's counsel because the court, over their objection, admitted testimony of the plaintiff showing that he was the father of thirteen children.   In *Holz v. Rediske,* 116 Wis. 353, 92 N. W. 1105, which was

an action for false imprisonment, the admission of evidence showing the size of plaintiff's family was held error. In 24 Ruling Case Law, 756, the rule is laid down as follows: "The jury may have due regard for the wounded honor of the family. . . . And damages may also be recovered on account of the anxiety of the parent of other children, whose morals may be corrupted by the example." See, also, *Stevenson v. Belknap,* 6 Iowa, 97.

The quotation above referred to appeals to us as good law; and if it be true that the jury may take into consideration the anxiety of the plaintiff that the morals of his children may be corrupted by the example which results from the facts in this case, it would appear that where the evidence is received for that purpose it is legitimate. But whether we consider the introduction of this evidence as error or not, in view of the opinion heretofore expressed it cannot be deemed prejudicial error.

The motion for a new trial, based upon newly-discovered evidence, was properly denied by the court.

*By the Court.*—The judgment of the lower court is modified, and the damages are reduced to the sum of $4,000, and as so modified is affirmed.