State, Appellant, vs. Hartwig, Respondent.

*September 8—October 3, 1950.*

For the appellant there was a brief by the *Attorney General, Roy G. Tulane,* assistant attorney general, and *Clarence G. Traeger,* district attorney of Dodge county, and oral argument by *Stewart G. Honeck,* deputy attorney general.

For the respondent there was a brief by *Thiel & Allan* of Mayville, and oral argument by *Lloyd Allan.*

BROWN, J. It is necessary to consider only one of the assignments of error which the writ of certiorari brought before the circuit court and the appeal brings before us. A summary of the entries made by the justice of his docket shows the following proceedings:

April 2, 1949—Warrant issued and served; defendant appeared and pleaded not guilty. Case continued to April 18, 1949, at 2:00 p.m. for trial.

April 18, 1949—Trial. Case continued to April 20, 1949, at 4:30 p.m. at the Clark farm for a view of the premises. Stipulated that the parties and attorney need not be in court when decision is reached. Stipulated that the attorneys may submit statements of fact to the court.

April 20, 1949—The court and the attorneys viewed the premises.

April 28, 1949—The court finds the defendant guilty and imposes sentence.

At the time of these proceedings, and until July 1, 1950, the following statute was in force: Sec. 360.06 "On the return of the warrant with the accused the said justice shall proceed to hear, try, and determine the cause within one day unless continued for cause; . . ." Construing this statute we early held that the justice's jurisdiction does not survive the day unless he has continued the case for cause. *Hepler v. State* (1878), 43 Wis. 479; *Harrington v. State* (1880), 50 Wis. 68. 6 N. W. 317. The docket here shows that there was no

continuance beyond April 20th. Jurisdiction therefore expired with the close of that day and when, on April 28th, the justice determined guilt and sentenced the defendant he no longer had jurisdiction to do so. His judgment and sentence are void and the judgment of the learned circuit court declaring them so must be affirmed.

*By the Court.*—Judgment affirmed.

GEHL, J., took no part.