## Andrew Pierce *versus* Hastings Strickland.

The statute authorizing the, levy of an execution upon land requires, that the appraisers should be disinterested ; and the law requires, that it should appear by the return of the officer making the levy, that they were so. If, therefore, the officer merely states, that the appraisers were freeholders and discreet men, wholly omitting to certify that they were disinterested, the levy is void.

The court will not permit an amendment of the officer's return to be made, by inserting that the appraisers were disinterested, where the motion was filed more than six years after the levy, and when the officer had gone out of office, and where there was nothing appearing on the proceedings authorizing the amendment, and when the officer making the levy had become the party interested to have the amendment made.

If an administrator has caused an execution to be levied on land, to satisfy a judgment recovered by him as such on a debt due to the deceased, and is

afterwards disseized, he may recover the land, declaring either on his own seizin, or on his seizin in his capacity of administrator.

The proper evidence to prove, that real estate, acquired by levy at the suit of an administrator, will not be necessary for the payment of debts, is his final account settled in the probate office. Parol evidence of the declarations of the administrator is inadmissible for that purpose.

A return by the officer making a levy, that he " appointed an appraiser for the within named debtor, S. S., he having neglected to choose an appraiser although I gave him a notice in writing to appear and choose an appraiser, at least twenty-four hours before the time of the levy," was held to be sufficient evidence of legal notice.

Where there are several separate levies, made on several tracts of land, in satisfaction of one execution, and the total amount of the levies exceeds the sum for which the officer was authorized to make the extent, the amount of the appraisement of the last tract levied upon exceeding the excess, none of these levies, unless the last, are void for that cause.

Where separate levies, at different times, are made on several tracts of land, the interest upon the judgment should be calculated upon the principle, that each levy should be considered a payment to the amount of each appraisement at the time it was made, until the final satisfaction is accomplished.

The presumption of law is, that all judgments rendered by Courts of competent jurisdiction are properly rendered, and upon due proceedings had preparatory thereto ; and between the parties thereto and privies, such judgments are conclusive, unless fraudulently obtained. Between a party thereto and a stranger, they are evidence only that such judgments were rendered upon due proceedings had therefor, and in support of proceedings had thereupon, as in case of levies upon real estate to satisfy them, in which case they become muniments of title.

But when a judgment is introduced collaterally as a muniment of title which was rendered inter alios, it is not conclusive upon one not a party to it. It will be competent for him to show, that it was unduly or irregularly obtained.

Where a suit is brought in this State by a person residing in another State, as administrator of the estate of one residing there at the time of his decease, and judgment is rendered therein in his favor, and a levy on land is made by virtue of an execution issued upon such judgment, in an action to recover the land by the administrator against one claiming under the debtor, the judgment is prima facie evidence, that he had been duly appointed in this State. But such fact may be put in issue by the defendant, and such presumption may be rebutted by proof.

THIS action was opened for trial, and after the evidence was all before the jury, they agreed upon the following case, for the opinion of the Court.

" This is a writ of entry, dated October 11th, 1841, brought to recover a certain lot of land lying in Hermon in this county.

" To maintain the issue on his part the demandant introduced a writ in favor of James Bartlett, of Dover, in the State of New Hampshire, against Samuel Smith and others, and the officer's return thereon, showing that the real estate of said Smith and others, was attached on said Bartlett's writ, January 20, 1836.   Also the records of this Court showing that said action was duly entered and continued from term to term until June, 1838, when the death of said Bartlett was suggested, and the demandant, as his administrator, came in ; after which the action was defaulted, and continued from term to term and judgment duly rendered therein July 3, 1841.   Execution issued July 5, 1841, in the name of said Pierce, as administrator, and levied upon the land, described in this writ, on the 30th day of July, 1841, and seizin of the land was delivered to an agent, verbally appointed by said Pierce, attorney for that purpose.   Upon this evidence the counsel for the tenant requested the Court to rule, that this action could not be maintained, and particularly requested the Court to rule, that it was necessary for the demandant in this case, (who resided in New Hampshire, where said Bartlett died, ever since the death of said Bartlett,) to prove that he had been appointed administrator of said Bartletts' estate, but the Court ruled, that the evidence was sufficient to make out a case for the demandant, unless rebutted, and that proof of such appointment was not necessary.

" The tenant then introduced Hezekiah Winslow, as a witness, who testified, that he saw the demandant at Dover, N. H. within the past month, that demandant then told him, that all said Bartlett's estate was settled, and the debts paid, excepting one debt of 60 or 70 dollars, which was in the hands of an attorney, who had funds in his possession, belonging to said estate, more than sufficient to pay said debt, but that he, said Pierce, had never settled his final account as administrator in the probate office in New Hampshire.   The tenant also introduced a deed of the demanded premises from said Samuel Smith to himself and William Arnold, dated May 20, 1836,

and acknowledged and recorded on the same day. And a deed of the same premises from John McDonald to said Strickland and Arnold, dated Oct. 19, 1837, and acknowledged and recorded on the day after its date; also an execution issued from this Court in favor of said McDonald against said Smith and others, dated Sept. 21, 1837, and a copy of a levy of said McDonald's execution on the demanded premises, made Sept. 27, 1837; also all the records and papers relative to said McDonald's execution, including the original writ in that case, and the officer's return thereon, by which return, records and papers it appeared, that the demanded premises were attached on said McDonald's original writ on the eighth day of December, A. D. 1835, and that all the proceedings in that case were such as to preserve his said attachment until his said levy was made. To said McDonald's levy the demandant objected, that it did not appear thereby, that the appraisers were disinterested men, the word *disinterested*, being omitted in the officer's return, and requested the Court, to rule that this levy was for that cause void, with which request the Court complied. The tenant's counsel then moved for leave to the officer, who is the defendant in this case, to amend this return by supplying said omission, but that motion was overruled by the Court. Said motion is to be made a part of this case. The levies and other papers above mentioned are to be referred to and such parts copied, and make part of this case, as either party may desire; both of said levies remaining open to all legal objections which may at the argument be urged against them.

"It is agreed by the parties, that a default should be entered upon the following terms, viz: If the whole Court shall adjudge the evidence offered by the demandant insufficient to maintain this action, or shall allow the amendment, or shall determine that the tenant has offered sufficient evidence to rebut the demandant's claim, then the default is to be stricken off, and the action to stand for trial; otherwise the default is to stand

"*James S. Rowe* for demandant.

"*Thornton McGaw*, for tenant."

The nature of the objections, made on the one side and on the other, will be understood without copying the papers referred to.

*T. M'Gaw,* for the tenant.

1. The action should have been brought in the name of Bartlett's heirs. It appears by the original suit, execution and levy and by the agreed statement, that Pierce's claim is grounded on his being administrator of Bartlett. The case finds, that the estate levied upon, was not necessary for payment of Bartlett's debts, for which purpose only, it could be holden in trust under Stat. 1821, c. 52, § 16. The trust estate had ceased, and the whole estate by operation of the statute vested in the heirs. *Webber* v. *Webber,* 6 Greenl. 134.

2. If Pierce could sue at all to recover this land, he must declare on his seizin as administrator; i. e. in the capacity in which he obtained judgment. *Willard* v. *Nason,* 5 Mass. R. 240. Whereas he declares, as his writ shows, that he was " seized in his demesne as of fee."

3. He was bound to prove that he was duly appointed administrator in this State.

The whole case shows from the beginning, that he acts in that capacity, and he is bound to show his authority. We were not parties or privies to the suit on the note, and are not concluded by the default in the case. We hold by deed, and one claiming against us must show his right; and to constitute that right, his appointment as administrator in this State is most essential. Unless so appointed his whole proceedings, including the levy, are void. *Pond, adm'r* v. *Makepeace,* 2 Metc. 114 ; Starkie on Evidence, vol. 2, p. 548 and 549.

4. If the action is rightly brought, our title is good by our levy.

The levy shows substantially, that the appraisers were disinterested; and besides it has never been decided, that a levy would be rendered void by the accidental omission of that single word. If held to be material, the officer would be allowed to amend under our motion which makes part of this

case. The Courts of Massachusetts and this State, have recently inclined to allow such amendments, and have allowed them in cases materially affecting the rights of third parties, when such amendments are conformable to the facts in the case. *Ward & al.* v. *Clapp,* 4 Metc. 458, and cases there cited.

5. If our levy is void the demandant's is void also, and then we have a good title under our deeds.

Demandant's levy is void, because the officer does not make a sufficient certificate of notice to the debtors before choosing an appraiser for them in the levy on this lot. He merely states that he gave notice in writing to one of the debtors (there being four debtors in all) " to appear and choose an appraiser, at least twenty-four hours before the time of the levy." A notice in those words would give no information when to appear, where to appear, or what was to be appraised. The officer should state the precise notice he gave, or the substance of it, in order that the Court may judge of its sufficiency. He should also state how he gave the notice, whether to the debtor in hand, or whether he left it at his last and usual place of abode, or elsewhere, or sent it by a third person.

The statute requires the debtors, all of them, to be notified, if living in the county ; and it is only in case that one debtor chooses an appraiser, that the officer can dispense with notice to the others. Stat. 1821, c. 60, § 27.

The demandant's levy is void, because the officer chose several different appraisers for the debtor, S. Smith, giving him only one notice. The officer is only authorized to appoint for the debtor after notice. When the appointment is once made, the notice is *functus officio,* and no new appointment can be made except upon new notice. The debtor may well be presumed to know of the first appointment and to acquiesce in it, but in no other. The officer states only one notice and that on the 27th of July, and all that is said subsequently respecting notice, by all fair rules of construction, refers to the first and special statement of notice. He does not any where state that he *again* notified the debtor or debtors, as he ought if new notice had been given.

6. The demandant's levy is also void because it is for an amount greater than the sum due on the execution.

"It seems to be a well settled rule that the levy shall be considered as taking effect by relation from the time when the legal proceedings for making the levy commenced." *Hall* v. *Crocker*, 3 Metc. 247, and cases there cited. In the present case, the proceedings were commenced July 27, 1841, and Thatcher, one of these appraisers, and also two others were then sworn. It appears by the copy of execution, that judgment was rendered July 3, 1841, and that by the execution the sheriff was ordered to collect legal interest on the "*rendition of judgment.*" These words do not authorize him to collect any interest. If he could collect any interest it would be only on the debt (as the law then was) from the rendition of judgment, July 3, 1841, to time of levy, July 27, 1841, being twenty-four days interest on amount of debt, $1405,43, which amounts to $5,62, instead of which the creditor has received by said levy, interest amounting to $6,29, being 67 cents too much. For this cause the levy is void. *Pickett* v. *Breckenridge*, 22 Pick. 297. It makes no difference that it is interest, which has always been holden to be a component part of the debt. It goes to the execution creditor and not to the officer, and it is the business of the creditor to see that he does not receive too much. He has received too much, and the Court are not at liberty to disregard the fact, even if it is the result of mistake, or of small amount. If it is so, then those reasons apply as strongly to the alleged defect in our levy as to his, and if this may be disregarded, certainly the other may. As honest purchasers by deed, as first attaching and levying creditors, and as tenants in possession, the equity of the case, if any, is with us.

*Rowe*, for the demandant.

1. The action was rightly brought in the name of Pierce. The claim, in satisfaction of which the land was taken, was assets in his hands; and the land is to be holden as assets till settlement of final account, and administration discharged. Stat. 1821, c. 52 § 16; *Boylston* v. *Carver*, 4 Mass. R. 609;

*Webber* v. *Webber*, 6 Greenl. 132 – 5 ; *Hancock* v. *Minot*, 8 Pick. 29.

The case does not find, that the estate is not wanted for payment of Bartlett's debts. Such a fact can be proved only by the record. Pierce's admissions would not be competent evidence of it. His statements to Winslow are not admissions of the fact, that all the debts of Bartlett] were paid, but mere expression of an opinion. For such fact can be within no one's knowledge until final settlement, for then it is first legally and certainly ascertained. The land is held for expenses of administration as well as debts. By tenant's own showing, one debt is unpaid, and the expenses remain to be adjusted and paid. To sustain his first position, tenant must show a final settlement. Pierce's statement proves that there has been none. Besides, Pierce's statements refer to the situation of affairs in October, 1843, while his right to maintain this action depends on their situation in October, 1841, when it was commenced. The objection is founded on the stat. of 1821, which was repealed before action brought. By Rev. St. c. 108, § 26, 27 and 28, no title can vest in heirs till distribution. For until that time, the land remains personal assets, liable, not only for debts, &c., but to be sold by order of the Judge of Probate, to raise money for distribution. § 28.

2. It is not necessary to declare as administrator. Rev. St. c. 145, § 4, 5, 11. Demandant must declare on his own seizin, set forth his estate, and if he show that he is entitled to such estate, shall recover. The demandant claims the fee, and shows by the levy that the land was set off to " him, his heirs," &c. By that levy the fee was divested from the former owner and vested in him. In what capacity he holds that fee, whether to his own use, or as trustee, is no concern of the tenants, nor a question to be raised in this case. The case of *Willard* v. *Nason,* cited by the counsel, does not support his position. The decision was upon another point ; and the dictum on which he relies, merely goes to show that the demandant could have safely declared as administrator,

not that he ought to have so declared. 4 D. & E. 477; 2 D. & E. 128; *Crawford* v. *Whittal*, Doug. 4, n.; *Talmage* v. *Chapel*, 16 Mass. R. 73; *Mowry* v. *Adams*, 14 Mass. R. 327; *Carlisle* v. *Burley*, 3 Greenl. 254.

3. The demandant has proved his appointment as administrator. A judgment by this Court in his favor as administrator, is evidence that plaintiff sustained that character, in all questions arising under that judgment against all persons; conclusive, on parties to that suit; *prima facie*, against strangers. The tenant, not being a party or privy, may impeach that judgment by plea or proof. No question having been raised by plea or proof, the *prima facie* evidence becomes conclusive. *Downs* v. *Fuller*, 2 Metc. 135.

4. The title set up by tenant is fatally defective. He relies upon Smith's deed, which is subsequent to our attachment; and McDonald's levy, which passed no title, because the return does not show that the appraisers were *disinterested. Williams* v. *Amory*, 14 Mass. R. 20. The amendment proposed cannot be allowed against persons not parties to the original suit; and, if made, would be of no use to the tenant, as the Registry of Deeds would still show his title to be defective. *Means* v. *Osgood*, 7 Greenl. 146; *Williams* v. *Amory*, 14 Mass. R. 29, 30.

McDonald, in whose name the motion is made, has not, and never has had, any interest in the matter. Before the return was completed and recorded, before he had any color of title, he released to the tenant. The tenant was the officer who made the return. A month before his return was completed and recorded, he became the ostensible owner of the execution and all titles under it, by putting on record McDonald's release to himself; and was probably the real owner at the commencement of the levy. At that time he claimed and held the land as Smith's grantee. His brother, S. P. Strickland, was one of the appraisers.

Under these circumstances, it certainly cannot be deemed unjust to infer, that the omission of the word "disinterested" was not by mistake, but by design, and to make the return in accordance with the fact.

5. The tenant's fifth objection, an objection to *our levy,* seems to be founded on a misapprehension of the statute, and the officer's return.

The statute did not require notice to all the debtors, but to those whose "land is to be taken." Some of the "land taken" belonged to Edward and Samuel Smith, and some, including the demanded premises, to Samuel alone. The return shows, that the officer, before commencing the service of the execution, notified both, and before making the levy in question, gave another notice to Samuel. It shows how he notified him, " by *giving* him a written notice ;" and for what ? " to appear and choose an appraiser." The statute prescribed no form, but merely said that the debtor should be "duly notified." This return meets the requirements of the statute, and is as full and particular in this respect, as any that have been met with.

6. The tenant's last objection is, that our levy is for too much, covering excessive interest, to the amount of 67 cents. Such a fact is not stated in the case, nor admitted, nor does it appear on the face of the papers. It appears from the counsel's argument, that he and the officer differ in the results of their computations. Which is correct, is not a question of law for the Court, but of fact for the jury. But the tenant's counsel must be wrong in his result, for he is wrong in his mode of arriving at it. He stops the interest on the whole amount of the judgment, at the date of the first levy, July 27 ; when, in fact, interest ceases to run then, only on such part as is satisfied by that levy, and continues to run on each of the sums satisfied by levies on subsequent days, till such sum is satisfied. The last levy was made Aug. 2d, and interest on the sum covered by that levy run till that day. And if in the case, and proved, it could not affect this levy ; for the return shows this to have been made July 30th, and another, for $96, on the second of August.

*T. Mc Gaw* in reply.

1. The case finds that all the said Bartlett's estate was settled, and settled without making sale of this land, and that

there were funds on hand sufficient to pay the only remaining debt. Of course this land was not wanted for that purpose. The statute of 1821, was substantially re-enacted in 1841. Revised Statutes, c. 108.

2. The case of *Downes* v. *Fuller*, cited for the demandant, is not in point. My position is, that if the demandant declare on a cause of action arising in his own time, he must, under the general issue, if it be essential to his claim, prove his title as executor or administrator, and the defendant may controvert it, as the doctrine is laid down in 2d Starkie on Evidence, 548–9.

3. The demandant's counsel is mistaken respecting the deed from McDonald. The levy of McDonald and his deed to Strickland show, that the levy was fully completed before the deed was made. It is true the levy was recorded after the deed was given, but that is immaterial.

4. I do not find it stated in the officer's return, that he gave "*another* notice to Samuel," or any thing equivalent thereto as the counsel suggests.

5. As to excessive interest, it is in the agreed statement, that both of said levies shall remain open to all legal objections, which may at the argument be urged against them. The facts relative to this objection appear from the copies of the demandant's levy. The value of the land, as appraised, exceeds the amount of the execution and all costs and legal interest. The levy is one entire transaction and all parts of it "take effect by relation, from the time when the legal proceedings for making it commenced," agreeably to *Hall* v. *Crocker*. The objection affects the whole levy and every part of it. When all the facts are given, as in this case, the question whether the interest is excessive, is a question for the Court.

The opinion of the Court was prepared by

WHITMAN C. J. — A default was entered in this case, after the action had proceeded to trial, upon an agreement between the parties, if the evidence introduced by the plaintiff would not entitle him to recover, that it should be taken off, and the action stand for further trial.

The questions presented for our consideration are numerous, and predicated upon supposed defects in levies upon the demanded premises, one under which the plaintiff claims, and another under which the defendant deduces title. The latter having been prior in date, and under an attachment on mesne process, will first be noticed. If sustainable it will defeat the plaintiff's claim. The officer who made it was the defendant himself, who, at the time of making it, was sheriff of this county. In making his return of his doings, he omitted to certify, that the appraisers were disinterested, and has returned only that they were freeholders and discrete men. The statute authorising the levy requires, that they should be disinterested ; and the law requires that it should appear by the return of the officer making the levy, that they were so. *Fairfield & al.* v. *Paine*, 23 Maine R. 498 ; *Howard* v. *Turner*, 6 Greenl. 106 ; *Russ* v. *Gilman, Ib.* 209.

The defendant, however, at the trial, filed a motion for leave to amend his return, but the Judge then presiding declined granting it ; and it is now insisted, that the Judge erred in so doing ; and this is one of the questions saved for the consideration of the Court. Although such questions are addressed in some measure to the discretion of the Judge holding the Court at the time the motion may happen to be made, yet it is now for the whole Court to consider of the matter, and determine whether, under the circumstances here presented, it would be proper to allow the proposed amendment to be made. The return was made in 1837, more than six years before the motion to amend was filed ; and nothing appears by which the amendment could be authorized to be made, besides the recollection [of the defendant. This Court has decided, however, that such an amendment may be permitted, even at a remote period, when the original parties in interest remain the same. *Howard* v. *Turner*, before cited ; *Gilman* v. *Stetson*, 16 Maine R. 124 ; *Eveleth* v. *Little, Ib.* 374.

But in this case the plaintiff was no party to the judgment under which the defendant claims ; and of course, is not to be affected by any alteration of the levy consequent upon it, or

the return thereof; unless he should have understood from something apparent in the proceedings in that case, that the defect was the result of accident merely. *Haven* v. *Snow*, 14 Pick. 28; *Johnson* v. *Day*, 17 *Ib.* 106; *Hovey* v. *Wait*, *Ib.* 196; *Baxter* v. *Rice*, 21 *Ib.* 197. There does not appear to be any thing in the proceedings in the case, from which the plaintiff was bound to have inferred, that the omission was not from design, and a consciousness that the appraisers were not disinterested. It may be said that the plaintiff should have been placed upon his guard from the strangeness, that an officer should have proceeded to make a levy, unless the appraisers were known to him to be disinterested; but it would be equally so in the case of any other omission of duty in making a levy. Moreover, many years had elapsed after the return in question had been made, and the defendant had gone out of office, which are considered as adding force to the objection to an amendment like the one proposed. *Hovey* v. *Wait*, before cited. But an objection, paramount to all others, arises from the fact, that the individual to make the amendment proposed, is the defendant himself. Under such circumstances to grant the motion would certainly be unprecedented, and also of a dangerous tendency. The temptation to disregard the truth in such cases would be too strong. He could not be a witness for himself in the case; and cannot be admitted, under the guise of an amendment of his return as an officer, to make that evidence, which would be indispensable to the validity of his claim. The proposed amendment, therefore, must be adjudged inadmissible.

But the defendant has had the precaution to have his title confirmed, by a conveyance directly from the person, as whose the premises had been attempted to be acquired by a levy; and must prevail unless the plaintiff can make out a superior title.

The plaintiff counts upon his own seizin; and to maintain it he offers in evidence a levy upon the premises in question, purporting to have been made in his favor, as administrator of James Bartlett, of Dover, in the state of New Hampshire, who

was a creditor of the individual, as whose the grantor of the defendant had made the before named imperfect levy.. The defendant's conveyance, however, was executed before this levy was made, but subsequently to the attachment on mesne process in the suit, which eventuated in a judgment, in satisfaction of which the plaintiff's levy was made. To avoid the effect of this levy the defendant interposes sundry objections.

He insists, in the first place, that the plaintiff has no right to prosecute this action, as upon his own seizin, and a disseizin done to him ; but that he should have sued, if at all, in his representative character as administrator ; and, to support this position, he relies upon a dictum merely, though of a very learned Judge, in the case of *Williams* v. *Nason*, 5 Mass. R. 240. The dictum is, " If executors or administrators, who have caused an execution to be levied on lands, to satisfy a debt due to the deceased, are after disseized, they may recover the lands, declaring on their seizin, in the capacity in which they had obtained their judgment." It is not said, that they may not recover, declaring on their own seizin. There are numerous cases in which it is admissible for executors and administrators to declare either way ; either in their individual or representative capacities. All judgments recovered by executors and administrators may be declared upon either way. So if the personal property coming into their hands, in their representative capacity, be wrested from them, they may bring actions for it as individuals, or in their representative capacity. *Crawford* v. *Whittal,* in a note, Doug. 4 ; *Talmage* v. *Chapel,* 16 Mass. R. 71. And, by parity of reasoning, the same must be the case where executors and administrators are allowed to sue for and recover seizin of real estate. Upon a setting off to them by levy they become seized. Rev. St. c. 108, § 26. They become seized in trust ; but whoever is seized in trust, is seized, so that actions for the injuries done to the trust estate may be brought in his name, without allusion to his representative capacity.

It is secondly contended, that there is evidence in the case, which shows, that the estate so acquired by the plaintiff, was

not necessary for the payment of the debts of his intestate ; and, therefore, that he had not a right to bring any action, either personally or as administrator, to recover seizin of the premises. The evidence relied upon is the testimony of a witness, who heard the plaintiff hold language, from which such a fact was inferable ; and, therefore, it is contended, that the action should have been brought by the heirs of the deceased, and not by the administrator of his estate. But the proper evidence of such a fact is not the loose declarations of the administrator. It should, at least, appear from his final account settled in the probate office. *Webber & al.* v. *Webber,* 6 Greenl. 128. Till then it cannot be known conclusively, that real estate acquired by levy, at the suit of the administrator, will not be necessary for the payment of debts.

It is thirdly objected, that the plaintiff's levy is void, because the debtor in the execution was not suitably notified to choose one of the appraisers. The return of the officer is, "that he appointed an appraiser for the within named debtor, Samuel Smith, he having neglected to choose an appraiser, although I gave him notice in writing to appear and choose an appraiser, at least twenty-four hours before the time of the levy." This return, in this particular, must be taken to be true ; and we think the notice must be holden to be sufficient. The other debtors in the execution do not appear to have been interested in the premises ; and the conveyance, which the defendant took, as before noticed, to confirm his title, was not from them, or either of them. The notice, therefore, was sufficient. The defendant, however, insists that the time and place, at which Smith was notified to appear for the purpose of choosing an appraiser, and also to attend to the levy, should appear by the return to have been designated. But the statute has not, in terms, prescribed that any thing of the kind shall expressly appear in the return, and we are not aware that any decision has ever held it to be necessary. Having returned that Smith neglected to choose an appraiser, we must understand, that the notice designated the purpose for which he was required to make the selection. The officer could not otherwise have re-

turned that the debtor neglected to choose one. Notwith-
standing the decision in *Means* v. *Osgood*, 7 Greenl. 146, may
seem to be the other way, it has since, repeatedly, been held to
be sufficient for the officer to return, that the debtor " neglect-
ed," or " neglected and refused" to choose an appraiser, with-
out saying, in express terms, that he notified him to do so.
*Bugnon* v. *Howes*, 13 Maine R. 154 ; *Thompson* v. *Oakes
& al. Ib.* 407 ; *Sturdevant* v. *Sweetser & al.* 3 Fairf. 520 ;
*Blanchard* v. *Brooks*, 12 Pick. 47. The courts in these cases
have considered, that, when an officer so returned, his return
would be false, unless he had duly given the debtor an oppor-
tunity to make the selection.

It is fourthly, objected, that the notice to choose an appraiser
was given but once, although several different appraisements
took place, of several different parcels of land and at several
different times. The answer to this is, that we do not so
understand the facts to appear. The officer's return, in refer-
ence to the premises in question, admits of no such construc-
tion. His language is, as before quoted, in reference to this
levy. How it may have been as to the others it is unneces-
sary to inquire ; as to this it is single and specific.

The fifth objection is predicated upon the supposition, that
the levy was for a greater amount than was due on the execu-
tion for debt, costs, interest and charges for the levy. If this
objection has any foundation it can only apply to the last of
the levies made in satisfaction of the execution. At the time
when the levy in question was made it did not satisfy the
amount named in the execution, exclusive of interest and char-
ges of levying the same ; and, therefore, was unaffected by
any miscalculation, if any there was, at the time when the last
levy was made. Though the officer dates his concluding re-
turn on the second of August, the day on which the last levy
was made, yet, referring to his former partial returns, made at
the dates of the previous levies, he returns as to those, that
they were made at their respective dates, and that the ap-
praisements and delivery of possession, in part satisfaction,
then took place. All previous to the last levy, therefore, must

stand unaffected by any miscalculation as to the amount for which a levy was to be made, which took place at the time of the last levy.

But the defendant's calculation is based upon an erroneous principle: it is upon the supposition that the several levies should be considered as taking effect from the date of the first levy, which was on the twenty-seventh of July. The several levies, as the return shows, were distinct and separate; and, until the last, were in satisfaction *pro tanto* only, at their respective dates. The interest on the judgment and every part of it, remaining unsatisfied, should be calculated till the final satisfaction was accomplished. Calculating the interest upon this principle to the time of the first levy, and so on, upon the balances remaining, until final satisfaction, the balance finally satisfied may not have been materially greater than the law would sanction. But however this may be, as the execution was clearly not satisfied by the levy in question, this objection is not sustainable.

We come now to a question, which, but for the course taken by the defendant at the trial, if the fact was as supposed by him, that the plaintiff had never taken administration in this State, might have been availing to avoid the plaintiff's levy. He, on that occasion, insisted that the plaintiff was bound to prove that, before the rendition of the judgment, upon which his levy depends for support, and when he was allowed to take upon himself the prosecution of the suit, which led to the judgment, he had been duly appointed administrator of his intestate's estate in this State. This the Court very properly overruled. The presumption, *prima facie* is, that all judgments, rendered by courts of competent jurisdiction, are properly rendered, and upon due proceedings had preparatory thereto; and between the parties thereto and privies are conclusive, unless fraudulently obtained. Between a party thereto and a stranger it is otherwise. Against the latter they are evidence only that such judgments were rendered upon due proceedings had therefor, and in support of proceedings had thereupon, as in the case of levies upon real estate to satisfy them, in which

case they become a muniment of title. There are exceptions, however, to this general rule as to judgments *inter alios*, but they are not applicable to the case before us. But when a judgment is introduced collaterally, as a muniment of title, which was rendered *inter alios*, it is not conclusive upon the one not a party to it. It will be competent for him to show that it was unduly or irregularly obtained. *Pond* v. *Makepeace & al.* 2 Metc. 114 ; *Downes* v. *Fuller, Ib.* 135, and cases there cited. If the defendant, in the case before us, had put the question, as to the qualification of the plaintiff to take upon himself the prosecution of the suit, in which his judgment was rendered, in issue, and had presented proof that the plaintiff's intestate had not resided in this State, and from the probate office in this county, where the premises levied upon were situate, and where the suit was pending, that the plaintiff had not been there appointed administrator, there being no evidence that the intestate had *bona notabilia* in any other county in this State, the burthen of proof would have been shifted, so that if, thereupon, the plaintiff had not shown, that he had duly taken administration in this State, his judgment, as it respected the rights of the defendant, would have been rendered nugatory. As the case presented stands, however, according to the agreement of the parties, judgment should be entered upon the default.