In re Marchant's Estate, 121 Wis. 526.

---

<hr>

## In re Marchant's Estate.

*March 24—April 19, 1904.*

*Establishing heirship: Presumption of regularity: Construction of statutes: Failure to record order: When county court may determine who are heirs: Waiver of rights: Filing claim.*

1. Notice was duly given that an application, under ch. 49, R. S. 1858, to establish heirship would be made to the circuit court on April 3, or as soon thereafter as counsel could be heard. The records of the court do not show that any proceeding was had in the matter on April 3, but show that the application was heard on May 17, at a sitting of the court during the term which commenced on April 3. The notice, with proof of publication, the required consent dated April 3, and the proper petition dated April 28, were filed on May 17, and the fact that the application was based on such papers, and their filing, are recited in the order dated May 17, establishing the heirship. *Held* that, the court having jurisdiction of the parties and the subject matter, it will be presumed that due proceedings were had at the time set by the notice, preparatory to the making of the order of May 17th.

2. The presumption in favor of the regularity of the proceedings of a court of general jurisdiction obtains in case of a proceeding under a special statute.

3. A statute providing for the establishment of heirships should be construed liberally to accomplish its object.

4. Failure of the court officers to enter at length upon the records, as required by the statute, an order establishing heirship, does not invalidate the order.

5. The county court may properly proceed to determine who are the heirs of a decedent, although the administration of his estate has not reached the stage of final distribution.

6. One whose rights as the established heir of a decedent under an order of court were disputed did not waive such rights by filing a claim for services rendered to the decedent, such claim being filed to protect him in case it should be determined that he had no interest in the estate as heir.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed*.

Respondent, *Anthony Marchant*, was born in 1851. His family name was Lantz. When four years old, Thomas Marchant and his wife attempted to adopt him under an arrangement with the board of supervisors of Fond du Lac county. He lived with them under this arrangement until his eighteenth year. The adoption proceedings were apparently irregular, and *Anthony* went to live with his mother, his father having meanwhile died. Two years later, when Thomas Marchant learned that *Anthony* planned to go West, he proposed and made an offer to *Anthony* to establish him as his heir if he would remain with him and his wife. After proceedings were taken to accomplish this purpose, *Anthony* returned to live with Thomas. Marchant and his wife, and conducted himself as their son, working on the farm, caring for them in their illnesses, and attending to their burial. Proceedings were taken to make *Anthony* their heir under ch. 140, Laws of 1858. The proceedings prescribed by this chapter were followed in substantially all the requirements, except that the provision requiring the order to be recorded at length was not complied with until 1902, after the death of Thomas Marchant; and there is nothing in the record showing that on the day fixed for the hearing of the petition

any steps were taken, or that the proceeding was brought to the court's attention. In January, 1871, respondent caused the notice required by the statute to be published; stating that on April 3d, or as soon thereafter as counsel could be heard, application would be made to the circuit court for Fond du Lac county to establish him as the heir of Thomas Marchant. The written request of Thomas and Elizabeth Marchant that the petition be granted bears date April 3, 1871. The petition of *Anthony Lantz* was signed and dated April 28, 1871. On May 17th, during the same term of the court, these papers, with proof of the publication of the notice, were filed with the clerk of the court, and the court on that day made and signed an order declaring and establishing *Anthony Lantz* the heir of Thomas Marchant, under the name of *Anthony Marchant.*

Thomas Marchant died September 3, 1901, and on September 9th *Anthony* made application for appointment as administrator, and set forth that he was a son of the deceased. He was appointed administrator, and made an inventory of the estate. The court made an order limiting the time for the presentation of claims. On April 29, 1902, appellants, the brothers and sisters of Thomas Marchant, filed a notice in the probate proceeding, claiming to be the next of kin to Thomas Marchant and his heirs at law, and asking that their rights be considered in the final distribution of the estate. The time for the filing of claims against the estate was extended, and *Anthony* filed a claim for $10,645.74. His daughter also filed a claim.

On July 2d, *Anthony* filed a petition praying that the court proceed to ascertain who were the heirs of Thomas Marchant; and the court, by order, set a time for such hearing and directed that notice be given to appellants of such hearing. Pursuant to the order of the probate court, a hearing was had on the fifth Tuesday of July, 1902. Upon the hearing had at that time, the court found that *Anthony Marchant*

was the sole heir at law of Thomas Marchant, deceased. From this order the brothers and sisters appealed to the circuit court, where the order was affirmed. They now appeal from the judgment of the circuit court affirming the order of the county court.

For the appellants there was a brief by *Barbers & Beglinger,* and oral argument by *Fred Beglinger.*

For the respondent there was a brief by *Maurice McKenna,* attorney for *Anthony Marchant* in his individual capacity, and *Giffin & Sutherland,* attorneys for him in his capacity as administrator, and oral argument by *Mr. McKenna* and *Mr. D. D. Sutherland.*

SIEBECKER, J.   The respondent, *Anthony Marchant,* claims to be the legal heir of Thomas Marchant, by virtue of a proceeding under ch. 49, R. S. 1858, prescribing the procedure for establishing heirships.   This statute provided that the heirship of any person might be established by an order of the circuit court of the county wherein the person resided, upon petition setting forth the reasons for the application.   It also provided that, before such an order be made, the written consent of the person, the heirship to whose property was to be established, as well as the petition, should be filed in the office of the clerk of the circuit court, and that the order should be entered upon the record of the court.   It further provided that the petition must be accompanied by a copy of the notice of such application, and that the notice contain the substance of the petition, and that it give the time and place of such application.

From the foregoing statement of facts, it appears that an application was made by respondent to be established the heir of Thomas Marchant, under this law.   It is now contended that the proceeding is void upon the ground that the records of the court fail to show that the application was presented or that any other proceeding in relation thereto was

had before the court on April 3, 1871, the time fixed in the published notice for the hearing of the application. The entry on the court's record shows that the application was heard on May 17, 1871, at a sitting of the court during the term which commenced on April 3d. The notice, with accompanying proof of publication, the duly executed written consent of Thomas and Elizabeth Marchant, bearing date April 3, 1871, and the petition of *Anthony Lantz,* dated April 28th, were filed with the clerk of the court on this day. An order bearing date May 17, 1871, recites that the application was made upon the petition, the written consent, the notice, and the proof of publication, and the filing of these papers with the clerk of the court, and declares that *Anthony Lantz* is thereby established the rightful heir at law of Thomas and Elizabeth Marchant. The main objection to the validity of the proceeding is the absence of any entry in the clerk's minutes of any proceedings had in the court on April 3, 1871, the time fixed by the notice when such application would be made.

There is no question but that the court had jurisdiction of the subject matter of the application, under the notice, and that it was set for hearing before the proper court and at a time and place contemplated by the statute. Under this state of facts, it is presumed that due proceedings were had at the time for which the proceedings were noticed, preparatory to the making of the order of May 17th. There is nothing showing that the court lost jurisdiction in view of this presumption sustaining the regularity of its proceedings. As stated in *Falkner v. Guild,* 10 Wis. 563:

"The proceedings were in a court of general jurisdiction; and the general rule in respect to such courts is, at all events where jurisdiction appears, that, though the record does not show everything necessary to regularity, it is to be presumed unless the contrary expressly appears."

It is, however, argued that this rule cannot avail the par-

ties to this action, because this was a proceeding under a special statute. This subject was also considered in *Falkner v. Guild, supra,* and the court declared:

"It is true that the proceedings under special statutes have sometimes been made an exception to this general rule as to the presumption, even in courts of general jurisdiction. But without entering into the inextricable labyrinth of cases on the subject, we will only say that we can see, upon principle, no reason for the distinction. The general presumption in favor of the regularity of the proceeding of such courts is founded on the character of the court itself. And that character is the same, whether it is under a special statute or under the common law. I cannot see that a difference in the source of its authority to act can make any rational distinction as to the presumption in favor of the regularity of its action."

Another consideration submitted upon the question is that the statutes are, in their nature and effect, derogatory of the common law and should therefore receive a strict construction. The subject matter of the statute, as well as the proceedings which persons must follow to avail themselves of its provisions, are kindred to and like those for the adoption of children. This kinship received marked recognition in legislation in different instances embodying provisions covering both subjects in one statutory enactment. The adjudications pertaining to these subjects have given these statutory enactments a liberal construction to accomplish their objects. The trend of the decisions is that these laws are designed to foster the best interests of the parties who wish to assume the close relationship they seek to guard and establish, "and no narrow construction should be indulged in that will tend to defeat a result so obviously intended and in every way beneficial."

We are led to the conclusion that the record shows that the court had jurisdiction of the parties and the subject matter on the day set by the notice, namely, April 3, 1871, and that the order of May 17th, at the same term of the court, was

made upon due proceeding preparatory thereto. *Falkner v. Guild, supra; Platt v. Robinson,* 10 Wis. 128; *Allen v. Beekman,* 42 Wis. 185; *Voelz v. Voelz,* 88 Wis. 461, 60 N. W. 707; *Parsons v. Parsons,* 101 Wis. 76, 77 N. W. 147; *Nugent v. Powell,* 4 Wyo. 173, 33 Pac. 23; *In re Johnson's Estate,* 98 Cal. 531, 33 Pac. 460; *Barnard v. Barnard,* 119 Ill. 92, 8 N. E. 320; *Pierce v. Strickland,* 26 Me. 277.

It is further contended that, since the order was not spread upon the record of the court as prescribed, it was inoperative and void. The argument assumes that the act of recording was a necessary step in establishing the heirship. The requirements of the statute do not contemplate the entry of the order as a necessary condition precedent to the completion and validity of the proceeding for the establishment of an heirship. When the court announced its determination, and signed the order incorporating its decision upon the application, it became an effectual and final decree, and established the legal rights of the parties; and an omission of the ministerial duty of the court's officers to enter the order at length upon the records cannot be invoked to the prejudice of the parties, nor does it invalidate the order or decree of the court. *Abney v. De Loach,* 84 Ala. 393, 4 South. 757; *Nugent v. Powell, supra.*

It is claimed that the county court's action in determining who are the heirs of Thomas Marchant is premature, since the administration had not been carried to the point of distribution. We can conceive of no good reason why the county court could not properly proceed to determine this question before the administration had reached the stage for a final distribution of the estate. In this instance all the parties interested in the question have appeared in the proceeding upon order and due notice, and full opportunity to hear and try this controversy has been given, and a full and complete trial of this question has taken place, and a determination based upon a proper procedure of the county court has

been made, and it must be deemed conclusive upon the appellants.

It is urged that respondent waived his rights as the established heir by filing a claim against the estate for the value of his services rendered to the deceased. We can see no good reason for holding that such action should constitute a waiver of his legal rights as the established heir. The claim, no doubt, was filed to protect him in his rights if it should be determined that he had no interest in the estate as such established heir, and his act of filing a claim is referable to such a contingency, without operating to the prejudice of his other rights.

It must follow that respondent is the legally established heir of Thomas Marchant, deceased, and must be so regarded upon the final distribution of the estate.

*By the Court.*—Judgment affirmed.