SNYDER, Respondent, vs. MALONE, imp., Appellant.

*January 13—January 31, 1905.*

(1) *Municipal courts: Courts of record: Adjournments.* (2) *Promissory note: Wrongful transfer before delivery: Judgment: Assignment: Satisfaction.*

1. Secs. 3630, 3631, Stats. 1898, relating to adjournments in justices' courts, do not apply to the municipal court for Rock county. The character of that court as a court of record, conferred by ch. 197, Laws of 1881, is not taken away by those provisions of said chapter which vest in it the powers and jurisdiction of justices of the peace and declare that the general provisions of law relative to actions before justices shall be applied so far as appropriate.

2. A promissory note without consideration, which had not been so delivered as to become operative, was wrongfully transferred by the payee, L., to an innocent purchaser, who afterwards recovered judgment thereon against both the maker and L. The latter paid or purchased the judgment, taking a written assignment thereof. This instrument was lost and, in accordance with an agreement between L. and one R., the judgment creditor made a new assignment to R. for the purpose of transferring to him whatever interest L. had acquired in the judgment under the previous assignment. *Held:*

(1) The second assignment conveyed L.'s interest in the judgment to R., but gave him only such rights as L. had in respect thereto.

(2) L.'s conduct, in transferring the note and permitting it to go to judgment, rendered him the principal judgment debtor and primarily liable, as between himself and the maker. His payment or purchase of the judgment, therefore, satisfied and extinguished it, notwithstanding he took an assignment, and nothing passed under the assignment to R.

APPEAL from an order of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

This action was commenced in the municipal court for Rock county to recover on a promissory note executed by the defendant *Frank Malone,* and payable to the defendant A. Lorenze, who assigned it to plaintiff, *F. H. Snyder,* before its maturity. The note bears date August 17, 1899, and was for the sum of $54.28, due ninety days from date. The action was commenced by service of summons on defendants on November 24, 1899. The defendant *Malone* at no time appeared in the action in the municipal court. The defendant Lorenze appeared in the action. By agreement of the parties appearing, the case was adjourned as follows: first, from December 2d to December 11th; on December 11th, without waiting an hour, the case was again adjourned to the 14th day of December, 1899, at 1 o'clock in the afternoon, in the municipal court room. On this day, by consent of those appearing for the parties, it was adjourned to the same hour "at this office" on December 18th. On December 18th the plaintiff and defendant Lorenze appeared with their attorneys. Upon the proofs the court awarded plaintiff judgment for $56.36 damages and $8.30 costs against both defendants. On January 8, 1900, a transcript of this judgment was filed in the office of the clerk of the circuit court for Rock county.

It also appears that the note was originally given by the defendant *Malone* to the defendant Lorenze without any consideration, and that manual tradition was made of the writing under a parol agreement to the effect that Lorenze should negotiate to secure *Malone* a life insurance policy, which was

to be submitted to *Malone* for his acceptance. Lorenze has not submitted a policy which has been accepted.

After plaintiff obtained judgment against defendants, he received payment thereon in September, 1902, in full of all his rights and interest therein from the defendant Lorenze, and made an assignment thereof to the defendant Lorenze in consideration of receiving such payment. This assignment has been lost, and plaintiff, at the request of Lorenze and Edward H. Ryan, made an assignment to said Ryan, who claims to have purchased whatever interest Lorenze obtained and holds under the purchase and assignment of the judgment from plaintiff. The assignment by the plaintiff to Ryan was made September 28, 1903, and was filed with the clerk of the circuit court at once. On this same day execution was applied for by said Ryan, as assignée of the judgment, and issued out of the circuit court. Under this execution the sheriff of Rock county has levied on defendant *Malone's* real estate, and now threatens to sell the same in satisfaction thereof.

Defendant *Malone,* proceeding by petition setting forth these facts, prayed that the execution be recalled, and that the sheriff and said Ryan be restrained from proceeding further in the matter, and that the docketing of the judgment be canceled. Upon hearing on an order to show cause in the proceedings commenced by this petition affidavits were filed establishing the facts as above stated, whereon the court ruled that no cause existed for restraining proceedings under the execution. This is an appeal from such order.

*J. J. Cunningham,* for the appellant.

For the respondent there was a brief by *Edward H. Ryan,* attorney, and *Pierce & Fisher,* of counsel, and oral argument by *C. E. Pierce.*

SIEBECKER, J. Error is alleged upon the ground that the municipal court lost jurisdiction of the case by adjournment

without sufficient cause being shown, and that defendant *Malone's* consent was not obtained to such an adjournment, as required by secs. 3630, 3631, Stats. 1898; and also because a second adjournment was ordered without waiting an hour from the time to which the cause had been adjourned before ordering another adjournment, the parties not having appeared when the adjournment was ordered, as required by sec. 3633, Stats. 1898. These provisions regulate the practice and procedure in trials of cases in courts of justices of the peace. The question is, Do they apply to the municipal court for Rock county? This court exists as re-established by ch. 197, Laws of 1881, which provides that: "The same shall be a court of record, have a clerk, and a seal. . . . [It] may exercise powers and jurisdiction equal to and concurrent. with the circuit court for Rock county in all cases of crimes and misdemeanors . . . except murder." It also has jurisdiction to try appeals in civil and criminal cases from justices' courts. It is also enacted that the general provisions of the law and the rules of practice applicable to circuit courts and actions and proceedings therein shall, so far as appropriate, apply to the municipal court, "and its rules of practice and proceedings shall conform as nearly as practicable to the rules and practice of circuit courts." It is true some provisions of the act invest the court with the powers and jurisdiction of a justice of the peace, and provide that the general provisions of law relating to such actions shall be applied so far as appropriate. We think these provisions do not take from the court the character of a court of record, but are to be construed as vesting the jurisdiction and powers of a justice of the peace in this court as a court of record, so that it possesses and exercises the powers of a court of record in all actions and proceedings within its jurisdiction. The claim that the court lost jurisdiction of this cause perforce of the statute relied upon by appellant must be denied, for these provisions do not apply to actions and proceedings

of a court of record. *Tourville v. S. D. Seavey Co., ante,* p. 56, 102 N. W. 352; *State ex rel. Le Clair v. Wright,* 80 Wis. 648, 50 N. W. 894; *Falkner v. Guild,* 10 Wis. 563; *In re Marchant's Estate,* 121 Wis. 526, 99 N. W. 320.

Was anything conveyed under the assignment from plaintiff to Ryan, since such assignment was made at the request of Lorenze under his purchase of the judgment from the plaintiff a year before? It is shown that this assignment was so made upon agreement between plaintiff, Lorenze, and Ryan for the purpose of transferring whatever interest Lorenze had acquired to the judgment under the written assignment to him, which was lost. Under these circumstances the transfer from plaintiff to Ryan operates to convey the interest of Lorenze to Ryan, and binds them as effectually as if such transfer had been made directly from Lorenze to Ryan. Ryan therefore stands in the position of, and has only the rights of, Lorenze in this judgment. The record shows that this note was originally given by *Malone* to Lorenze under an oral agreement made at the time of its execution to the effect that the note should not be deemed delivered and become operative until Lorenze should procure and submit to *Malone* a life insurance policy for his acceptance, and, if the policy was not accepted, this note was to be returned to him. It appears that no such policy was ever submitted to and accepted by *Malone,* and the note was never delivered, and is wholly without consideration as between Lorenze and *Malone.* Under such circumstances the transfer of the note by Lorenze to an innocent purchaser can in no way deprive *Malone* of his equities against Lorenze. As between them there was simply a manual tradition of the paper. No completed delivery of the instrument was ever effected by compliance with the parol agreement. The note therefore never had a legal existence or furnished the basis for a legal obligation between them. *Hillsdale College v. Thomas,* 40 Wis. 661; *Nutting v. Minnesota F. Ins. Co.* 98 Wis. 26, 73 N. W. 432;

*Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174; *Mendenhall v. Ulrich* (Minn.) 101 N. W. 1057; *Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816; *Green v. Russell,* 132 Mass. 536. Entry of judgment on the note in no way changes the legal relationship of the original parties to the transaction. The equities which attach to the note between these defendants follow the claim when put into judgment. The equitable rights between the original parties are therefore properly before the court upon the undisputed facts in this proceeding, for Ryan, as assignee of Lorenze, has no rights other than Lorenze had at the time of the transfer. The legal effect of Lorenze's conduct in wrongfully transferring the note and of permitting it to go to judgment against himself and *Malone* renders him in law the principal judgment debtor, and primarily liable as between him and *Malone;* and his payment of it to plaintiff, as judgment debtor, operated to satisfy and extinguish it, notwithstanding he took a formal assignment. *German Am. S. Bank v. Fritz,* 68 Wis. 390, 32 N. W. 123; *Montgomery v. Vickery,* 110 Ind. 211, 11 N. E. 38; *Knopf v. Morel,* 111 Ind. 570, 13 N. E. 51; *National S. Bank v. Hunnewell,* 124 Mass. 260; *Booth v. Farmers & M. Nat. Bank,* 74 N. Y. 228; *Tompkins v. Fifth Nat. Bank,* 53 Ill. 57. The judgment having been fully satisfied and extinguished, nothing existed to pass under the transfer by Lorenze to Ryan. The petitioner should have been awarded relief by recalling the execution issued on the judgment, and vacating all levies made under it, and by satisfying the judgment of record.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with directions to award petitioner relief in accordance with this opinion.