RYAN, Appellant, vs. MALONE, Respondent.

*December 18, 1907—January 8, 1908.*

*Judgments: Conclusiveness: Persons concluded.*

M. gave his note to L. under an oral agreement, made at the time of its execution, that the note should not be deemed delivered and become operative until L. had complied with named conditions. L., without compliance with such conditions, indorsed the note to an innocent purchaser, afterwards paid a judgment which the indorsee obtained thereon against L. and M., and took an assignment of the judgment in the name of R. Thereafter, execution having been issued on such judgment against

the property of M., the latter filed a motion for the recall of the execution and made R. a party. R. appeared and opposed the motion, and, on appeal to the supreme court, M. was awarded the relief claimed. Subsequently R. commenced the instant action against M., who pleaded the bar of the adjudication of the supreme court. *Held*, that R. was conclusively bound by the adjudication of the supreme court, and the effect of that adjudication was not avoided by the fact that in the former action the innocent purchaser was the party plaintiff and L. and M. the parties defendant.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge.  *Affirmed.*

The appeal is from a judgment given in an action brought by the plaintiff upon a promissory note as transferee of one A. Lorenze. The latter was payee in the note. The respondent was maker. Lorenze indorsed the note to one Snyder, who recovered judgment thereon against the maker and indorser. The indorser paid this judgment and it was assigned to him. Having lost the assignment the indorser procured another assignment of the judgment to be made to appellant, *Ryan,* which bore date September 28, 1903, and on this day execution was issued out of the circuit court for Rock county upon the judgment against the property of respondent, *Malone.* Respondent filed a petition in said circuit court setting forth cause, and moved that the execution be recalled and that the transcript of judgment on which the same issued be stricken from the files, and that the plaintiff therein (Snyder) and his assignee (*Ryan*)', and their agents and servants, be restrained from interfering with petitioner's property by virtue of said execution. This motion was opposed by the appellant, *Ryan,* and the circuit court denied the prayer of the petition. From the order thereon the respondent appealed to this court, and the decision of this court upon that appeal will be found in *Snyder v. Malone,* 124 Wis. 114, 102 N. W. 354, where the facts and claims upon which the respondent bases his petition are stated, and where the order

of the circuit court for Rock county was reversed and the cause remanded with directions to award respondent the relief claimed. The circuit court on or about April 1, 1905, made an order conforming to the mandate of this court. The appellant, *Ryan,* claiming as indorsee or assignee of said note, then began an action against the respondent upon said note, to which the respondent, among other defenses, pleaded in bar the adjudication of the supreme court above referred to and that of the circuit court made pursuant thereunto. The circuit court upheld said plea in bar and rendered the judgment in favor of the respondent from which this appeal is taken.

*O. A. Oestreich,* for the appellant.

*J. J. Cunningham,* for the respondent.

Among other references the appellant cited *Dick v. Webster,* 6 Wis. 481; *Lawrence v. Milwaukee,* 45 Wis. 306; *Wolf River L. Co. v. Brown,* 88 Wis. 638, 60 N. W. 996; *Van Valkenburgh v. Milwaukee,* 43 Wis. 574; *Rosenow v. Gardner,* 99 Wis. 358, 74 N. W. 982; *Lamontagne v. T. W. Harvey L. Co.* 84 Wis. 331, 54 N. W. 583; *Fulton v. Pomeroy,* 111 Wis. 663, 87 N. W. 831.

Among other references the respondent cited *Snyder v. Malone,* 124 Wis. 114, 102 N. W. 354; 1 Van Fleet, Former Adj. 190, 402; *Barney v. Babcock's Estate,* 115 Wis. 409, 91 N. W. 982; *Trapp v. New Birdsall Co.* 109 Wis. 543, 85 N. W. 478; *Cole v. Getzinger,* 96 Wis. 559, 71 N. W. 75; *Roberts v. Moody,* 107 Wis. 245, 83 N. W. 307; 21 Am. & Eng. Ency. of Law (1st ed.) 139, 140.

TIMLIN, J. *Edward H. Ryan* was a party to the proceeding brought by the respondent by petition and which reached this court and is reported in 124 Wis. 114, 102 N. W. 354. He was mentioned in the petition as one of the persons against whom relief was sought, and the order to show cause required that he be served, and he appeared and

filed an affidavit in answer to the petition.    In *Snyder v. Malone, supra,* it was determined that the note in question was originally given by *Malone* to Lorenze under an oral agreement, made at the time of its execution, to the effect that the note should not be deemed delivered and become operative until Lorenze should procure and submit to *Malone* a life insurance policy for his acceptance, and if the policy was not accepted this note was to be returned to *Malone.* No such policy was submitted to and accepted by *Malone,* but Lorenze indorsed the note to an innocent purchaser and afterward paid the judgment which the innocent purchaser, Snyder, obtained thereon against Lorenze and *Malone,* and took an assignment of such judgment in the name of the appellant, *Ryan.* The legal effect of Lorenze's conduct in wrongfully transferring the note and permitting it to go to judgment against himself and *Malone* rendered him in law the principal judgment debtor and primarily liable as between him and *Malone,* and his payment of it to Snyder operated to satisfy and extinguish it notwithstanding the assignment.

This determination was made upon the record presented to this court, which covered such claim on the part of *Malone.* It was made, as we have seen, in a proceeding to which the appellant, *Ryan,* was a party, and upon a vital point in the controversy. It is consequently conclusive against the appellant in the instant case. Appellant seeks to avoid the effect of this adjudication by claiming that *Ryan* was not a party to the proceeding to recall the execution, etc. He bases this upon the narrow proposition that in the judgment and execution Snyder was party plaintiff and Lorenze and *Malone* were parties defendant; but, as we have seen, *Ryan,* as assignee of the judgment, was also made a party by the petition and order to show cause. What the effect of that judgment would have been had *Ryan* not been a party we need not determine, although it may be proper to remind the appellant that privies as well as parties are bound by judg-

ments and that the assignee or transferee of a demand is in privity with his assignor or transferrer.

*By the Court.*—The judgment of the circuit court is affirmed.

