STATE EX REL. LEVERANCE, Appellant, vs. PREY, Respondent.

*March 7—June 21, 1939.*

*Frank E. Hebert* of Tomahawk, for the appellant.

*E. C. Smith* of Tomahawk, for the respondent.

On the motion for rehearing a brief was also filed by *G. M. Sheldon* of Tomahawk and *George Curtis* of Merrill, as *amici curiæ*.

FRITZ, J. (*on motion for rehearing*). Appellant contends that the circuit court erred in not sustaining his contention that the judgment of the county court was invalid on the ground that the cause was not decided and judgment entered within seventy-two hours after it was submitted, as is required by sec. 302.27, Stats., relating to justice court practice. In passing upon that contention, we sustained in an opinion filed herein on May 9, 1939, the respondent's countercontention that, because it appears from the county court's docket entries that upon the submittal of the cause the court announced the continuance thereof for five days, and it does

not affirmatively appear that there was an absence of consent thereto by the parties, it must be presumed on *certiorari* that the continuance was with their consent; and that thus the jurisdiction of the court was saved under principles applied or recognized in *Baizer v. Lasch,* 28 Wis. 268, 272; *State ex rel. Dearborn v. Merrick,* 101 Wis. 162, 164, 77 N. W. 719; *Holz v. Rediske,* 116 Wis. 353, 356, 92 N. W. 1105. Upon a motion for a rehearing, the appellant contends that those principles and the conclusions based thereon in those cases as well as in the opinion heretofore filed herein are not applicable to a continuance in excess of seventy-two hours ordered upon the submittal of a cause to a justice court, and its failure to enter judgment in not more than seventy-two hours thereafter, as is required by sec. 302.27, Stats. That contention must be sustained, and consequently our prior opinion herein is hereby withdrawn.

There remains, however, appellant's contention that in an action brought in the county court of Lincoln county, but which is within the jurisdiction of a justice court, there is applicable the provision in sec. 302.27, Stats., that a justice of the peace shall not take more than seventy-two hours to consider and enter his judgment. Appellant claims that provision controls in such an action when brought in the county court of Lincoln county because of the provisions in sec. 1, ch. 249, Laws of 1895 (by which powers and jurisdiction were given to that court in addition to those conferred by law upon county courts), that,—

"Said court and the judge thereof, shall further have all the jurisdiction, authority, powers and rights given by law to justices of the peace; . . . the proceedings and practice in said court, under this act, *except as herein otherwise provided,* shall be governed as far as practicable by the laws relating to justices' courts of this state."

It must be noted at the outset that the application of that provision is limited by the clause therein, "except as herein otherwise provided." Consequently, there arises the ques-

tion whether there is in sec. 1 of ch. 249, Laws of 1895, any provision in respect to adjournments and continuances, which can be deemed to provide otherwise than is prescribed by sec. 302.27, Stats. An examination of the entire section discloses that in parts preceding the provision quoted above from sec. 1, it is provided that,—

"The county court of Lincoln county, in addition to the powers and jurisdiction conferred by law on county courts, shall have cognizance of, and jurisdiction to hear, try and determine all actions and proceedings in law, except actions wherein the title to real property shall come in question, wherein the amount of debt, damages, demand, penalty or forfeiture shall not exceed the sum of five hundred dollars; . . . actions to recover the possession of personal property, with damages for the unlawful taking or detention thereof, wherein the value of the property claimed shall not exceed the sum of five hundred dollars, and all charges for offenses arising within said county, and which are not punishable by commitment to state's prison, offenses against the city charter, ordinances, by-laws, rules and regulations of the city of Merrill, said county; and said court and the judge thereof, shall have power to pronounce judgment, sentence and commit all persons convicted of any crime or offense of which said court has jurisdiction; and *in the exercise of the jurisdiction conferred on the county court by this act, said court shall have full power to grant adjournments and continuances,* and take, and have, all necessary proceedings concerning or relating thereto as provided by law. Said court and the judge thereof, shall further have all the jurisdiction, authority, powers and rights given by law to justices of the peace. . . ."

Those provisions confer additional powers upon the county court, which is a court of record, and to the proceedings of which there is applicable the usual presumption in favor of the regularity thereof. *Malinowski v. Moss,* 196 Wis. 292, 296, 220 N. W. 197. Under the circumstances, the grant to a court of record by such express terms of "full power to grant adjournments and continuances, and take, and have, all necessary proceedings concerning or relating

thereto as provided by law," certainly includes the power to adjourn or continue a cause in excess of seventy-two hours when the judge considers that necessary to enable him to decide the cause and enter his judgment; and by reason of that grant of full power in respect to granting adjournments and continuances, there is a provision in the section which provides otherwise than the procedure and practice in justice courts prescribed by sec. 302.27, Stats. Consequently, the inhibition prescribed by that statute is within and rendered inapplicable by the above-quoted clause, "except as herein otherwise provided," and there is no restriction upon the "full power" conferred by sec. 1 of ch. 249, Laws of 1895, upon the county court of Lincoln county "to grant adjournments and continuances, and take, and have, all necessary proceedings concerning or relating thereto as provided by law."

In *Snyder v. Malone,* 124 Wis. 114, 102 N. W. 354, it was contended that the power of the municipal court of Rock county to order an adjournment in an action, which was within the jurisdiction of a justice court, was limited by a provision in sec. 3, ch. 197, Laws of 1881, which read:

". . . The general provisions of law, relative to civil and criminal actions before justices of the peace, shall apply to said municipal court so far as applicable," etc.

That is quite similar and equivalent to the statutory provision in relation to the county court of Lincoln county that,—

"The proceedings and practice in said court, under this act, except as herein otherwise provided, shall be governed as far as practicable by the laws relating to justices' courts of this state."

In view of the similarity of those provisions, and the fact that both were courts of record, the following statements in the opinion are significant,—

"These provisions [relating to adjournments in justice courts] regulate the practice and procedure in trials of cases in courts of justices of the peace. The question is, Do they

apply to the municipal court of Rock county? This court exists as re-established by ch. 197, Laws of 1881. . . . It is true some provisions of the act invest the court with the powers and jurisdiction of a justice of the peace, and provide that the general provisions of law relating to such actions shall be applied so far as appropriate. We think these provisions do not take from the court the character of a court of record, but are to be construed as vesting the jurisdiction and powers of a justice of the peace in this court as a court of record, so that it possesses and exercises the powers of a court of record in all actions and proceedings within its jurisdiction. The claim that the court lost jurisdiction of this cause perforce of the statute relied upon by appellant must be denied, for these provisions do not apply to actions and proceedings of a court of record."

It follows that the mandate, affirming the judgment, must stand as heretofore entered. Neither party shall have costs on the motion for a rehearing.