WOLF and others, Respondents, vs. GREEN BAY, OSHKOSH, MADISON & SOUTHWESTERN RAILWAY COMPANY, Appellant.

*September 18—October 5, 1909.*

*Courts: Presumption of regularity in proceedings: Appeal: Harmless error: Railroads: Condemnation of land: Determining rights of mortgagee: Damages: Evidence: Opinions: Qualification of witnesses.*

1. In a proceeding in a court of general jurisdiction, where no question of want of jurisdiction is raised, it will be presumed in the absence of a contrary showing that the necessary steps were

taken for the entry of judgment, although not all such steps necessary to regularity appear of record.

2. An alleged irregularity in condemnation proceedings, in that no order appears of record directing the clerk to enter judgment, will not, where no substantial rights of the appellant are affected thereby, work a reversal of the judgment.

3. The fact that the rights of a mortgagee were not adjudicated in condemnation proceedings is not good ground for disturbing the judgment on appeal, where the parties had stipulated that the mortgage claim should be paid out of the amount recovered.

4. In proceedings to condemn a strip of land for a railroad the proper inquiry with reference to damages recoverable for injury to plaintiff's adjoining lands, was whether such lands were depreciated in market value by the taking of the strip for that purpose; but it was not prejudicial error in this case to permit witnesses to be asked what in their opinion was the amount of damage caused by the railroad cutting through plaintiff's land, it appearing that counsel, court, and jury all understood that the word "damage" referred to depreciation in the market value of the part of plaintiff's land not taken.

5. In condemnation proceedings witnesses who showed familiarity with the value of lands and the probable injury to such lands from division thereof by a railroad and its operation were qualified to give opinion evidence on the subject.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is a proceeding for acquiring a strip of land across the farm of the respondents as a right of way for the appellant railway company. Upon the appeal from the award of the commissioners appointed to appraise the damages, the jury in the circuit court awarded the respondents $175 as the value of the strip of land taken and $575 as the damages suffered by the remainder of respondents' farm by the taking. The commissioners had awarded $103.80 as the value of the strip taken and $50 as the damages to the remainder of respondents' land.

Upon the trial one of the witnesses had stated that it was a damage to have the railroad passing through the farm, and he was then asked: "*Q.* In your opinion, how much does that damage amount to?" Another witness was asked: "*Q.* What,

in your opinion, is the amount of damage caused by the *Wisconsin & Northern* cutting through this land?" Other witnesses were asked similar questions. Objection was made to these questions on the ground that they were incompetent and immaterial and not proper questions. No specific ground for the objection was suggested to the court. Although exception was taken to the ruling of the court permitting these questions, no attempt was made on cross-examination to have the witnesses explain the grounds for their opinions or what they included in their estimates of the damages to which they had testified.

The court instructed the jury that the respondents were entitled to recover the value of the strip taken, and that the depreciation in the market value caused to the remainder of the respondents' farm by such taking and use constituted damages which they were also entitled to recover.

After the costs were taxed the clerk of the court entered judgment in favor of the respondents for the full amount found by the jury. Reference is made in the judgment to the fact that the strip taken is included in a mortgage on the lands of the respondents and that the parties had stipulated for its payment out of the damages recovered. No deduction was made in the judgment entered of the amount which had been awarded by the commissioners and which the appellant had paid into court. Respondents have filed a satisfaction for so much of the judgment as was so paid into court. This is an appeal from the judgment.

For the appellant there was a brief by *Wallrich, Dillett & Larson,* and oral argument by *A. S. Larson.*

*P. J. Winter,* for the respondents.

SIEBECKER, J. The objection to the entry of judgment because no order appears of record directing the clerk to enter judgment cannot prevail. This is a proceeding in a court of general jurisdiction and no question of want of jurisdiction

is raised. Under such circumstances the rule is that, though every step necessary to regularity may not appear of record, the presumption, in the absence of a contrary showing, is that the necessary steps were taken for the entry of judgment. *Falkner v. Guild,* 10 Wis. 563; *In re Marchant's Estate,* 121 Wis. 526, 99 N. W. 320. It does not appear that the alleged irregularity in any way affected the substantial rights of the appellant. He is therefore in no position to complain. Sec. 2829, Stats. (1898).

Nor is the fact that the rights of the mortgagee in the land taken were not adjudicated good ground for disturbing the judgment on this appeal, for it appears that the parties by stipulation agreed that the mortgage claim on the land should be paid out of the amount recovered. If any action is required to protect appellant as to the payment of this incumbrance, it can readily be secured upon application to the court for a direction in the matter.

The objection to the opinion evidence of witnesses testifying to the damages caused to the respondents' land adjoining the strip taken is twofold in character. It is claimed that the questions propounded were improper and that the witnesses were not qualified to give opinions on the subject of inquiry. The appropriate and correct inquiry is whether respondents' lands adjoining the strip taken were depreciated in market value by the taking of the strip. The court in submitting the issue to the jury informed them that the respondents could recover no damages for injury to lands not taken, unless it appeared that they were depreciated in market value by the taking of the strip and its use for railroad purposes. The questions propounded to the witnesses were general in form and do not specifically embody this form of inquiry. It appears, however, from what took place at the trial that the questions propounded comprehended this idea and that counsel and witnesses understood that the word "damage," as employed, referred to the depreciation in the

market value of that part of respondents' lands not taken. This is confirmed by appellant's counsel's omission to make any inquiry of the witnesses as to what was embraced in their opinion on the subject. His failure to pursue the matter was evidently due to the fact that counsel, court, and jury understood the witnesses were expressing their opinion of the depreciation in the market value of the lands not taken. We do not find that the irregularity complained of operated to the appellant's prejudice.

The witnesses' qualification to give opinion evidence on this subject was sufficiently shown. They showed familiarity with the value of lands and the probable injury to such lands from division by a railroad and its operation. The grounds of their opinions were sufficiently disclosed to the jury.

It is urged that the remarks of respondents' counsel to the jury were prejudicial. We have examined them and find no grounds for an inference that they in any way affected the result on the trial.

There is no reversible error in the record.

*By the Court.*—Judgment affirmed.