POOLEY, Respondent, v. LEITH, Appellant.

(255 N. W. 153.)

(File No. 7613.   Opinion filed June 14, 1934.)

*Hitchcock & Sickel,* of Mitchell, and *Hal W. Byers,* of Des Moines, Iowa, for Appellant.

*Mumford & Mumford,* of Howard, for Respondent.

RUDOLPH, J. This action arises out of the same automobile accident involved in the case of Petteys v. Leith, 62 S. D. 149, 252 N. W. 18. La Verna Pooley, the plaintiff in this action, was riding in the car driven by Mrs. Roy Pooley, which was one of the cars in the accident. The defendant, Leith, was the driver of the other car. The accident occurred on July 22, 1931, between 9 and 10 o'clock in the evening, about five miles south of Carthage, S. D., when the cars driven by Leith and Mrs. Pooley collided. The case was submitted to the jury solely upon the question of the negligence of Leith in the operation of his car, and no question of a gratuitous guest is involved, such as was involved in the Petteys' Case. The jury returned a verdict for the plaintiff and this is an appeal from the judgment entered upon the verdict.

The principal contention of the appellant is that the evidence is not sufficient to support the verdict and judgment. There is no contention made in this case that the verdict of the jury might be justified upon the theory that concurring acts of negligence on behalf of Leith and Mrs. Pooley constituted the proximate cause of plaintiff's injuries, nor was the case submitted to the jury upon such a theory, but, as stated above, the sole issue submitted to the jury was the negligence of Leith. In reviewing the evidence, therefore, our inquiry is limited to a consideration of its sufficiency to establish that Leith was negligent and that his negligence was

the proximate cause of plaintiff's injuries. Respondent relies upon three alleged acts of negligence on the part of Leith in the operation of his car: First, an unlawful and negligent rate of speed; second, driving on the wrong side of the highway; and, third, operating his car with unlawful lights which were glaring and blinding.

There is a direct conflict in the evidence on the question of the speed of appellant's car at the time of the accident. Calvin Petteys testified appellant was driving forty-five or fifty miles an hour just shortly before the collision and that at the time of the accident "we hadn't slowed up much." Another witness testified: "I asked him (appellant) how fast he was driving and he said forty-five or fifty miles an hour." We think the evidence ample to justify a finding by the jury that at the time of the accident appellant was driving at a rate of speed in excess of forty miles an hour. However, it is clear, as pointed out in the case of Petteys v. Leith, supra, that the speed of appellant's car standing alone could not be the proximate cause of the accident and resulting injury. Had both cars maintained their proper position on the highway, there would have been no accident regardless of the speed of appellant's car.

This brings us to the second alleged act of negligence on behalf of appellant; that is, driving on the wrong side of the road. In the case of Petteys v. Leith, supra, we said: "The evidence conclusively shows that, when the collision occurred, appellant's (Leith's) car was being driven on the right-hand side of the road." That statement, of course, is confined to the record made in the prior case, and has no binding effect in our consideration of this case. Calvin Petteys, the plaintiff and a witness in the prior case, was called by the plaintiff as a witness in this case. Petteys was not asked upon direct examination regarding the position of the two cars upon the highway at the time of the accident, but he was permitted to testify upon cross-examination, as follows:

"Q. Well, coming down the road and before the accident, was Mr. Leith driving on his own side of the road? A. I think we were driving on our own side pretty close to the center of the road. I wasn't driving so I didn't watch the road but that is my recollection of it. Mr. Leith was on his own side of the road at the time of the accident."

Mrs. Roy Pooley, who was a witness in the Petteys Case, was also called as a witness in this case, and testified that she maintained her position on her own right-hand side of the road until she had reached a point approximately one rod from where the accident took place, at which point she became blinded by the lights on appellant's car, and was unable to state her exact position on the road at the time of the accident. The record, therefore, up to this point is virtually the same as the record in the Petteys Case, with the exception that in this case Petteys qualified his testimony with the statement: "I wasn't driving so I didn't watch the road but that is my recollection of it." In addition to the direct testimony of the witnesses relative to he position of these cars upon the highway, testimony was introduced concerning the tracks and marks upon the highway immediately following the accident. All of this testimony with reference to the tracks or marks upon the highway shows these marks or track to start about the middle of the road and to lead in a westerly direction. In addition to the above, we have in this case a witness who did not testify in the Petteys Case. This witness testified that, at the time of the accident, he was standing on his farm at a point about seventy rods south and twenty rods east from the place of the accident and had an unobstructed view of all that took place. This witness testified that he observed both cars approach the place of the accident and that at all times the car operated by Mrs. Pooley was on its right side of the highway, and further testified, as follows: "The Leith car came south down the center of the road. The left front wheel and the left hind wheel of the Leith car were past the center of the grade of the road. * * * I saw the cars collide on the highway. The collision was nine rods north of the intersection near the center or east center of the road. * * * I saw the tracks of the Leith car leading from past the center of the road out and saw the place in the road where the Pooley car smoothed the gravel as it was being pushed over. On cross-examination this witness, in reply to a question asking how far east of the middle of the road he would say Leith was driving, answered: "Probably a foot from the track I saw afterward." He was then asked: "You are measuring by the track you saw afterwards?" And he answered: "Also what I saw. I would say he was partly on the east side of the road." This witness was sub-

jected to a severe cross-examination, and insisted throughout that the defendant's car was being operated east of the middle of the road at the time of the accident. With this testimony in the record we have one witness testifying positively upon the disputed fact in favor of the plaintiff. Appellant contends that the testimony of this witness is so utterly incredible and unworthy of belief that it has no probative value whatsoever. Appellant bases this contention upon the fact that the witness was seventy rods south and twenty rods east from the place of the accident, and that the accident occurred not before 9 o'clock in the evening. Unless this court can say the evidence of this witness is utterly incredible, its weight and credibility were for the jury. It requires an extraordinary case for any court to regard sworn testimony as manifestly impossible and untrue. Bates v. C., M. & St. P. Ry., 140 Wis. 235, 122 N. W. 745, 133 Am. St. Rep. 1069. Is the testimony of this witness utterly incredible? The record does not show that the witness was in any way interested in the outcome of the case; he is not a near neighbor of the plaintiff or her family. If there were any motive of any kind for the witness to state something he did not in fact observe, the record is entirely silent regarding it. True, the accident happened not earlier than 9 o'clock in the evening, but it was at a time of year when the evenings are long, and the witness testified, "it wasn't dark it was twilight." It is also true that the witness was seventy rods away at the time of the collision, but he testified on cross-examination and without objection on direct examination that what he saw relative to the position of the cars upon the highway was verified by the tracks upon the highway that he observed when he went to the scene of the accident immediately after its occurrence. In answer to the question as to how far east of the center of the highway the defendant was driving, he answered, as set out above: "Probably a foot from the track I saw afterwards. Also what I saw. I would say he was partly on the east side of the road." The jury saw the witness, observed his conduct and demeanor while testifying, and we believe it would be somewhat presumptuous for this court to now say that the testimony of this disinterested witness is utterly incredible and unworthy of belief.

The only other direct evidence regarding the relative position of these two cars upon the highway at the time of the accident

was the evidence of the defendant and a young lady passenger in his car, who both testified that at the time the cars came together defendant had his car "over as far as he could get to the west shoulder of the grade." This testimony, of course, was in direct conflict with the testimony of the witness for respondent, and also with that of Petteys, who testified the Leith car was being driven "pretty close to the center of the road."

We are of the opinion that in this record, therefore, there is a conflict in the evidence on the question of the position of the two cars upon the highway. This conflict the jury resolved in favor of the respondent. The evidence being in conflict on both the question of speed and position of the cars on the highway, the jury by its verdict has found against appellant on both issues, which, under the instructions given by the court, was sufficient to justify a finding of negligence on behalf of appellant, and that this negligence was the proximate cause of the accident. The jury was instructed that negligence was the failure to act as an ordinarily careful and prudent person would act under the circumstances. There was no request for additional instructions which would point out more specifically that which would be required to constitute negligence in this case, and no exception was taken to the instruction given, which instruction, therefore, became the standard by which the jury judged the actions of the defendant. Obviously, driving a car in excess of forty miles an hour on the wrong side of the highway and colliding with a car operated on its right side of the highway would constitute negligence under this instruction, which negligence the jury by its verdict found to be the proximate cause of the accident and resulting injuries to plaintiff. It becomes unnecessary, therefore for us to consider the alleged negligence of the defendant in so far as it concerns the headlights with which his car was equipped.

We have carefully considered the other assignments of error. The assignment relating to the question of insurance being brought into the case is fully met by the decisions of this court in the cases of O'Connor v. Sioux Falls Motor Co., 57 S. D. 397, 232 N. W. 904; Behseleck v. Andrus, 60 S. D. 204, 244 N. W. 268, 88 A. L. R. 596; Biggins v. Wagner, 60 S. D. 581, 245 N. W. 385, 85 A. L. R. 776. The other alleged error, if error, was without prejudice to the appellant.

The judgment appealed from is affirmed.

POLLEY and WARREN, JJ., concur.

ROBERTS, P. J., and CAMPBELL, J., dissent.

ROBERTS, P. J., and CAMPBELL, J. (dissenting). The defendant and the automobile accident involved are identical in this case and in the case of Petteys v. Leith, 62 S. D. 149, 252 N. W. 18. Each case represented an effort to recover damages resulting from collision of two automobiles, one owned and driven by William Leith the defendant, and the other operated and driven by Mrs. Roy Pooley. The plaintiff in the Petteys Case was a passenger in the car driven by Leith. The present plaintiff was a passenger in the car driven by Mrs. Roy Pooley. This court held in the Petteys Case that the speed of Leith's car could not be regarded as the proximate cause of the injury; that Leith was driving his car on his own side of the highway; and that he was not guilty of any actionable negligence.

If a verdict for the present plaintiff is to be sustained, it must be entirely in reliance upon the testimony of the witness Younger (who did not testify in the Petteys Case) to the effect that defendant Leith was driving on the wrong side of the highway.

Younger's point of observation, according to his own testimony, was seventy rods south and twenty to twenty-five rods east of the point of collision. No occupant of either automobile testified in either of the cases that Leith's car was anywhere except on the side of the road where it belonged. Younger testified, however, that he first observed the Leith car proceeding south on the road two miles north of the collision point and that he watched it continuously to the collision, although it was so dark that he could not see the car itself at all and could see nothing but the headlights, which were very bright and glaring, but could nevertheless observe that the car was proceeding and continued to proceed south well to the east of the center of the highway. The testimony of this witness is not in accord with that of other witnesses or parties who were in a very much better position for observation. His story is full of internal inconsistencies, and in our opinion his testimony is not sufficiently credible to support a verdict.

We believe that the judgment should be reversed, and the cause remanded, with directions to enter a judgment for defendant.