DIEHL, Appellant, vs. HEIMANN, Respondent.

*October 18—November 20, 1945.*

*Jos. F. Studnicka* of Milwaukee, for the appellant.
*Francis H. Reiske* of Milwaukee, for the respondent.

FOWLER, J.   The case is an äppeal from the judgment of the circuit court for Milwaukee county affirming an "order for release" and a "release" of a garnishee from liability by the civil court of Milwaukee county.   The material portion of the civil court record before us and before the circuit court consists only of :

(1) The original affidavit of garnishment reciting that an action had been commenced in the civil court to recover an indebtedness on contract of $55; that no judgment had been entered therein; and that the garnishee defendant had money in its possession belonging to the principal defendant.

(2) The original summons in the garnishment proceeding requiring the garnishee to answer and a return of the sheriff showing service thereof and payment of $3 to the garnishee.

(3) The answer of the garnishee admitting having in its possession a sum in excess of $110 belonging to the principal defendant.

(4) An original paper, the body of which reads: "To First Wisconsin National Bank, East Side Branch. You are hereby released as garnishee and discharged from further liability in the above-entitled case. Dated Milwaukee, Wis., January 15, 1945. By the Court. JOSEPH E. CORDES, Judge."

(5) Two entries on the docket of the civil court reading, (a) "Jan. 10. Court having had this case under advisement and being well and sufficiently advised in the premises now orders garnishee released." (b) "Jan. 15. Garnishee released."

(6) A notice of appeal to the circuit court reciting that the plaintiff "feeling aggrieved by the order for release of the garnishee defendant made January 10, 1945, [(5) (a)], and the release and discharge of the said garnishee made and signed by the court on the 15th day of January, 1945 [(4) above set out], does hereby appeal from said order and release and from the whole thereof. . . ." The portion of the notice here omitted contains a recital that judgment was entered and docketed on January 12th in the "principal action" in favor of the plaintiff and against the defendant for $37.95.

We must decide the case on the record before us. We cannot accept the statement in the notice of appeal to the circuit court that the judgment was entered as stated in the principal action without evidence that is competent that it was so entered and we have no such evidence. In this situation we cannot assume that the judgment of the circuit court was erroneous. · If the judgment of the civil court in the principal action was in favor of the defendant, and there is no evidence or recital of the court in the record that it was not, the discharge of the garnishee was correct. The burden is on the appellant to produce a record that shows that the judgment appealed

from is erroneous, and this he has not done. The circuit court being a court of general jurisdiction the correctness of its judgment is presumed in absence of evidence to the contrary. *Wolf v. Green Bay, O., M. & S. W. R. Co.* 140 Wis. 337, 122 N. W. 743. This is the general rule. 20 Am. Jur., Evidence, p. 172, sec. 168. The judgment of the circuit court must therefore be affirmed.

The appellant moved to strike respondent's brief because it states facts not of record and based his argument on those facts. It may be noted that the brief of the appellant is quite as faulty for stating facts not of record as is that of respondent. "People who live in glass houses should not throw stones." The motion to strike will be denied as the briefs may well be left standing as examples of how not to prepare briefs and appendices. However, no costs will be allowed the respondent for printing his brief and supplemental appendix.

The respondent orally moved on the argument to dismiss the appeal to this court but, as the notice of appeal was duly served and return of such record was made to this court as was before the circuit court, the motion must be denied.

It was intimated on the argument of the case that what was appealed from to the circuit court was not a judgment or appealable order and that therefore no appeal lay to the circuit court. By sec. 1334, Milwaukee County Laws, appeal may be taken to the circuit court for Milwaukee county by a party to an action from any judgment or any order from which an appeal might be taken to the supreme court if it were made by the circuit court.

It may be that (a) of (5) is not appealable as an "order." Sec. 274.33, Stats. But we consider that (b) of (5), as supplemented by (4), should be appealable as a judgment. If not a formal judgment in a technical sense, it should be given effect as such, as it finally determined the garnishment issue. The case was on the justice court side of the civil court, wherein the justice court practice prevails, except in certain particulars not relating to the form of judgments and orders

specified in the statute creating the civil court. Ch. 549, Laws of 1909; sec. 1308, Milwaukee County Laws. Judgments of justice courts are entered in the docket of the justice. Sec. 300.07 (10). We consider that entries of justices of the peace in their dockets, which in effect finally determine the issue involved, should be treated as judgments regardless of their form.

The respondent also moved at time of argument for "an order for a further and supplemental return" presenting the record in the principal action. We are reviewing the ruling of the circuit court on the record before that court and that record was not before it. The motion will be denied.

*By the Court.*—The motions of respondent to dismiss the appeal and to "order a supplemental return" are denied. The motion of appellant to strike respondent's brief is denied. The judgment of the circuit court is affirmed. No costs are allowed the respondent for printing of his brief and supplemental appendix.